## CITIZENS' NATIONAL BANK OF ROSWELL v. BEAN et al.

(No. 2403.    May 27, 1920.

(Rehearing Denied June 10, 1920.)

### SYLLABUS BY THE COURT.

1.   Section 2175, Code 1915, which precludes an opposite or interested party from obtaining a verdict, judgment, or decision against the heirs, executors, administrators, or assigns of a deceased person upon his own evidence in respect to any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence, has no application to a suit against the administrator of a deceased maker of a promissory note, where the signature of such deceased maker is admitted.        P. 205

2.   Under section 618, Code 1915, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value, and in a suit upon a negotiable promissory note the burden of showing that there was want of consideration rests upon the defendant, and if the defendant offers any evidence which shows, or tends to show, want of consideration, then it is incumbent upon the plaintiff to show by a fair preponderance of evidence upon the whole case that there was consideration.        P. 206

Appeal from District Court, Chaves County; McClure, Judge.

Suit by the Citizens' National Bank of Roswell, N. M., against R. P. Bean, Jr., administrator of R. P. Bean, Sr., and others, with cross-complaint against plaintiff and Guy H. Herbert. Demurrer to counterclaim overruled, and judgment for defendant administrator on a directed verdict, and plaintiff appeals. Reversed and remanded, with directions to grant plaintiff a new trial.

A. J. NISBET, of Roswell for appellant.

H. M. Dow, of Roswell, for appellees.

OPINNION OF THE COURT.

ROBERTS, J., Appellant sued appellee R. P. Bean, Jr., as administrator of the estate of R. P. Bean, Sr., deceased, on a promissory negotiable note for $1,000. The note had been executed and delivered to the appellant by the deceased in his lifetime. The complaint was in the ordinary form and alleged that the note was past due and unpaid, and asked for attorney's fees. The administrator answered, admitted the execution of the note but denied that it was issued for a valued consideration, and for defense by way of new matter set up in detail the transaction leading up to the execution and delivery of the note, which in brief was as follows:

Bean, Sr., and one Guy H. Herbert had been negotiating for the purchase by Bean from Herbert of a farm known as the "Williams place," for which Bean was to pay $5,000. On November 4, 1915, the parties executed an escrow agreement, which was as follows:

"Escrow agreement between R. P. Bean and G. H. Herbert. Each party deposits $1,000.00 as forfeit to guarantee delivery of deed to 640 acres by Guy H. Herbert to R. P. Bean, known as Williams place, and guarantee payment of purchase price by R. P. Bean to G. H. Herbert upon delivery of deed by Herbert to Bean. Total purchase price to be $5,000.00. Deed to be delivered within 10 days.

"(Signed) GUY H. HERBERT,

"R. P. BEAN, SR."

Bean did not have the $1,000, so he executed the note in question to the bank for the purpose of securing the money. The bank put up with the escrow a cashier's check for the $1,000, which later was delivered to Herbert by Mr. Jaffa, the cashier.

(**1**) It was the contention of the administrator that Jaffa was never authorized to deliver the money to Herbert, and this want of authority was set up in the answer by way of new matter. A second defense and cross-complaint against the bank and Herbert was filed in which the administrator sought to recover back from either one, or both parties, the $1,000, in the event the administrator was held liable on the note. Demurrer was filed to the counterclaim on the ground that Herbert was not a necessary party, which was overruled; and, as both parties answered the counterclaim thereafter, it is probable that the ruling on the demurrer was waived. The matter is not of much consequence in so far as the bank is concerned, as the vital question to it is the ruling of the court, on the trial, that it could not recover on the promissory note because it was unable to produce evidence to corroborate the testimony of its cashier to the effect that Bean received the consideration for the note. The point arose as follows:

Appellant offered the note in evidence and announced that it would rest. Appellee Bean then put in evidence the escrow agreement and certain other unimportant matters. Appellant then called Jaffa, its cashier, and he testified in detail to the facts leading up to the execution of the note. He said that the money had been put up in escrow out of the proceeds of the note; that Bean ordered him to pay the money to Herbert, which he did. Herbert was called as a witness and testified that Bean had agreed to pay the money to him and told him that he would order the cashier of the bank to turn it over. At the conclusion of the evidence Bean moved the court for an instructed verdict because appellant had not shown a consideration for the note, and it was his contention that appellant was required to corroborate the testimony of Jaffa, its cashier, to the effect that Bean, the de-

ceased, had ordered him to pay the money over to Herbert. The court held that both Herbert and Jaffa were interested parties, and that under section 2175, Code 1915, this evidence was not sufficient to warrant a recovery. This section of the statute provides that in a suit by or against the heirs, executors, administrators, or assigns of a deceased person an opposite or interested party to the suit shall not obtain a verdict, judgment, or decision therein, on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence. This statute was fully discussed by the court in the case of Union Land & Grazing Co. v. Arce, 21 N. M. 115, 152 Pac. 1143.

The trial court in a memorandum opinion referred to the case of National Rubber Supply Co. v. Oleson & Exeter, 20 N. M. 624, 151 Pac. 695, and stated that under this decision, before the appellant could recover, it would have to produce corroborating evidence to show that a consideration was given for the note. The court was in error, and that case afforded no warrant for such a holding. That was a suit upon an account for supplies furnished upon a written order by the agent of the plaintiff. The deceased had signed no order for the goods, and of course plaintiff's right to recover there depended solely upon word of mouth testimony.

(2) In the present case the execution of the note was admitted, and, that being so, section 618, Code 1915, applied. This section reads as follows:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Under this statute, when the note was put in evidence, the appellant had made out a prima facie case as to consideration, and at that point was entitled to a recovery, absent any proof to the contrary by the personal representative of the maker of the note. The statute first referred to (section 2175, supra) applies only where in a

suit against the heirs, executors, administrators, or assigns of a deceased person and opposite or interested party undertakes to recover, or defeat a recovery, by his own uncorroborated word of mouth testimony. In reason it can have no application where such opposite or interested party is not seeking to recover or defeat a recovery upon his own uncorroborated word of mouth testimony, but produces a written contract, signed by the deceased party, or, as here, a promissory note, which admittedly was signed by the deceased. Hence, when the note was put in evidence and the signature of the deceased admitted or proved, appellant was entitled to recover, and it was incumbent upon the administrator to produce sufficient evidence of lack of consideration to overcome the prima facie case, before appellant was required to produce more evidence to show consideration.

In Daniel on Negotiable Instruments (6th Ed.) § 164, the author says:

"Under the statute, the burden of showing that there was want of consideration rests upon the defendant, and, if the defendant offers any evidence that shows or tends to show want of consideration, then it is incumbent upon the plaintiff to show by a fair preponderance of evidence, upon the whole case, that there was consideration."

Some courts hold that, as a bill or negotiable note imports a consideration, it is incumbent upon the defendant to carry the burden of proof of a plea of no consideration; while others hold that, in the absence of any statutory provision, when the evidence has been introduced to rebut the presumption which the statute raises, the burden is upon the plaintiff to satisfy the jury upon all the evidence and by the preponderance of evidence that there was a consideration.

So far as this case is concerned, it would be wholly immaterial which rule was applied, because in either event it would be for the jury to say whether upon the whole evidence consideration was shown, and as to the question of consideration section 2175 would have no application.

Hence it follows that the trial court was in error in instructing the jury to return a verdict for the appellee, Bean, and the cause will be reversed and remanded to the district court, with instructions to grant appellant a new trial; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.