[No. 3082.   Nov. 9, 1927.]

LANE v. MAYER et al.

[262 Pac. 182.]

E. R. Wright, of Santa Fe, and Geo. B. Barber, of Carrizozo, for appellant.

A. H. Hudspeth, of Carrizozo, for appellee.

## OPINION OF THE COURT

BICKLEY, J. Plaintiff sued defendants Paul Mayer and D. L. Jackson on two promissory notes, dated August 12, 1918, for $1,200, and December 14, 1918, for $2,000, said notes set out in the complaint being in the usual form, reciting that they were for values received and signed by Wildcat Leasing Company, by D. L. Jackson, Secretary Treasurer, D. L. Jackson, Paul Mayer. The complaint alleged that the said notes or any part thereof had not been paid and prayed for judgment for the principal sums, together with interest, attorney's fees, and costs.

Defendant Mayer (appellant) filed his amended answer, which admits the execution of the notes, and proceeds as follows:

"Second. And the said defendant Paul Mayer alleges that *as to himself* said several notes were made, executed, and delivered by this defendant, without any other consideration than is hereinafter stated.

"That heretofore, to wit, on the 12th day of August, 1918, and long before that date and ever since down to the present time this defendant was and still is an owner in fee simple of, in, and to a one-third undivided interest in certain parcels of land, real estate, personal and mixed property situate in the White Oaks mining district, Lincoln county, N. M., more particularly described in a certain mortgage deed of date June 20, 1912, and duly recorded in the mortgage deed records of Lincoln county, a copy of which said mortgage deed is hereto attached, marked Defendant's Exhibit No. 1 and made a part of this separate answer, and upon the same date last above mentioned, and long before that date, and ever since down to the present time the plaintiff, Allen A. Lane, and likewise the above-named defendant D. L. Jackson, were and still are each the owner in fee of a one-third undivided interest in all the property described in defendant's said Exhibit No. 1; which said mortgage deed together with the notes secured thereby is not paid off and discharged, and there still remains due and owing upon the same, the seventh note mentioned in said mortgage deed, amounting to the sum of $5,000 principal, together with interest thereon at the rate of 6 per cent. per annum from April 15, 1920, with 10 per cent. additional as an attorney's fee if sued upon or placed in the hands of an attorney for collection; all of which is past due and unpaid.

"Third. That this defendant Paul Mayer, as a one-third owner, as aforesaid, of the said mortgaged property, being desirous to have the debt secured by said mortgage deed paid off and discharged (his title being subject to said mortgage deed), was induced by the plaintiff Allen A. Lane and his partner in the mining business, D. L. Jackson, doing business under the firm name of 'Wildcat Leasing Company' (said Jackson being a co-owner in said

mortgaged property) to make the several notes sued upon and mentioned in the complaint, upon said plaintiff representing that he, the said plaintiff, as one of the owners of the said mortgaged property, would pay off and discharge one-third of the remaining unpaid notes set out in said mortgage deed, Defendant's Exhibit No. 1, on the respective dates said unpaid notes became due and payable.

"That the said representations so made by said plaintiff, were false and made to deceive and defraud this defendant, and this defendant further states the truth to be that there was no other consideration than that above mentioned for the making *on his part* of the several notes sued upon, and that the said plaintiff has failed and still fails and refuses to pay off his said one-third amount of the seventh and last promissory note of $5,000 principal, interest, and attorney's fees, now long since past due and set forth in said mortgage deed, Exhibit No. 1, thereby subjecting this defendant's said one-third interest in said mortgaged property to be sold under foreclosure of said mortgage deed, to defendant's great loss and damage."

Appellee replied, denying the allegations of paragraphs 2 and 3 of the amended answer not specifically admitted; admitted the execution of the mortgage referred to in the amended answer; admitted the ownership of the property described therein; and alleged that defendants Mayer and Jackson and the plaintiff, Lane, were all members of the mining partnership at the dates when the notes sued on were made. The trial was commenced before a jury. The court called upon the attorneys for the parties to make a statement of the case. The material portion of the statement of the attorney for the defendant Mayer is as follows:

"We expect to show you that the reason of giving these notes was to raise money to pay off a mortgage which stood against this property. * * * At the time these notes were given, Mr. Mayer's interest in this property that we have mentioned to you was mortgaged, not by him, but from the tenants he purchased from. He was anxious to have this mortgage paid off, and to that end he stood ready at all times when these notes fell due, as will show up in this case, to pay his part. Each of these tenants in common owned a third interest in this property. We expect to prove to you that, at the time these notes that are sued on were given, the parties on the notes, other than Paul Mayer, did not have the means at that time to meet these notes in this mortgage as fast as they fell due, and that we signed this note with the full and complete understanding with Mr. Allen here that he would, if we would sign this note so as to give him opportunity to raise the money, that we would pay our part and give him a chance to raise money to pay his part. Now these notes are dated way back in 1918. They show on their face they were not sued upon until just before limitation began against them; six years. And

we will show you, gentlemen, on our part, that Mr. Allen failed to pay off his part of this $5,000 note. That brought about, gentlemen, *an entire failure of the consideration for which we signed these two notes.*"

Plaintiff introduced the notes in evidence and testimony of a witness as to computation of interest and attorney's fees and totals. Thereupon he moved the court to instruct the jury to return a verdict for the plaintiff, upon the ground "that no material question of fact is raised by the answer in this case, and there is no issue of a material fact to be submitted to the jury."

The court, in sustaining the motion, said:

"It seems pretty clear to my mind that this answer doesn't set up a good defense, a legal defense to this claim. The answer alleges—avers that the representations made were false, but counsel in argument does not claim that, apparently doesn't intend to claim that, but seems to claim that they didn't pay off their proportion of that $5,000 note, which would relieve Mayer somewhat in this case, if a defense would enable you to audit that in this account. I don't quite agree with Mr. Hudspeth in this that there should be no accounting between these parties. The situation we are in, if it goes to this jury in this sort of defense, would involve, if it were a defense, the features of an accounting between these co-tenants and Mayer; bound to do that. Seems to me that might be an equitable defense to this if it were raised, but it hasn't been raised; and, of course, that class of case would be tried by the court, although the suit was originally on a promissory note. I think it is well settled that is the law. So, to get at the exact status of the parties there may be some rights which Mr. Mayer has he could offset against judgment in this case, in some other allegation, but I can't see where this defense sets forth a legal defense to these notes; I can't see it. There is no affirmative defense alleged here at all; no affirmative relief demanded, and such a defense would undoubtedly bring the case into equity if it were here, but it is not. I think it would be a waste of time to devote more time to the question as far as I am concerned. If there is any way you want to make a record to save any point you wish to review, the court will give you any opportunity of that kind. * * *

"I don't dismiss it, but I hold that the allegations in the answer are not sufficient as a legal defense to the action; so, on the basis of plaintiff's case and the statement of counsel to the jury as to what he expected to prove in accordance with the answer, the court grants the motion. That puts it squarely on the issues admitted to be raised so there can be no misunderstanding about it."

■ Appellant complains of the action of the trial court in sustaining a motion for the directed verdict for plaintiff under the state of the record heretofore described, claiming that the procedure was not proper. Before the

commencement of the trial, plaintiff moved for judgment on the pleadings, on the ground that there was no issue of material fact presented for submission to the jury. The court declined to pass on the motion *at the time,* because it was not in writing. The court, in directing the verdict for the reasons stated in his ruling, virtually held that the motion was well taken. We have held that a judgment may be granted where the pleadings or admissions of the party raised no question of fact that is material and necessary to be decided. See Town of Gallup v. Gallup Electric Light & Power Co., 29 N. M. 610, 225 P. 724; Keinath & Co. v. Reed, 18 N. M. 358, 137 P. 841.

Ordinarily, a motion for a directed verdict does not question the sufficiency of the pleadings, but there seems to be an exception to the rule. In Standard Enc. of Procedure, vol. 25, "Verdict," p. 1057, we find the following:

*"When Verdict May be Directed.—In Civil Cases.—On Pleadings.—*A motion for a directed verdict does not ordinarily reach defects in the pleadings, especially such defects as are curable by amendment. But it has been held that this is a proper remedy, where the plaintiff's pleading fails to state a cause of action, or the defendant's answer fails to state a defense,"

—citing, among other cases, Sloan Commission Co. v. Henry A. Fry & Co., 4 Neb. Unof. 647, 95 N. W. 862, where the court said:

"The rule is well established that where the answer contains no substantial defense, it is proper for the court to direct a verdict for the plaintiff." Hrabak v. Village of Dodge, 62 Neb. 591, 87 N. W. 358; Hill v. Campbell, 54 Neb. 63, 74 N. W. 388.

Appellant next states that his assignments of error Nos. 3, 4, 7, and 8 all present the single question as to whether or not, upon the proofs and record as it stood before the trial court upon the motion to direct a verdict, it then appeared to the court that the parties to the action were copartners under the name of Wildcat Leasing Company at the time the notes involved in this cause were executed. Appellant contends that, while it is true that the amended answer of the defendant Mayer avers that the plaintiff, Lane, and the defendant D. L. Jackson were copartners under the name of Wildcat Leasing Company, and does not affirmatively state that Lane was one of the

copartners, yet for the purposes of this action, as the matter stood before the trial court, the court could not do otherwise than conclude that all of the parties to the action were copartners, and that one partner cannot maintain an action at law against his copartner, and, therefore, that the court should have dismissed the action and left the parties to an equitable partnership accounting. Unfortunately for the appellant, we have just recently ruled to the contrary of his contention, and that under sections 4077 and 4078 of the Code, as construed, one copartner may maintain an action at law on a promissory note against a copartner. See Mayer v. Lane and Jackson 33 N. M. 24, 262 P. 180.

Appellant's third contention is that the court erred in finding the answer of defendant Mayer insufficient and that it did not present an issue requiring a trial. From the statements of counsel for defendant Mayer, it appears that it was his theory that there was an entire failure of the consideration for the notes sued on. But the answer and admissions in appellant's brief show that the "Wildcat Leasing Company," of which he alleged that plaintiff, Lane, and the defendant Jackson were the copartners, constituting said partnership, received the proceeds of the notes sued on, and that such proceeds were used in the partnership business, and it is alleged that the defendant Jackson joined in the efforts to induce defendant Mayer to sign the note, in order to get the money from the plaintiff, Lane, on the notes. The transaction apparently was beneficial to Jackson, whether it was to defendant Mayer or not.

In the article on Bills and Notes in 8 C. J., under the subject of "Pleading—1. Failure or Illegality of the Consideration," it is said, at page 919:

"A plea by one joint maker that the note in suit was without consideration as to him is bad unless it negatives a consideration to a third party with his knowledge or with detriment to the promisee."

Several illustrations of the doctrine of the text may be found in the note and citations.

In Chambers v. McLean, 24 Pa. Super. Ct. 567, the court said:

"The appellee and Samuel Daggy gave their promissory note to the plaintiff. The note is regular in form and recites a valuable consideration, and both of the signers appear as makers. There is therefore a clear prima facie liability. The appellee seeks to avoid payment on the allegation that he was an accommodation maker; that he signed the note at the request of the plaintiff and for her accommodation; and that no consideration was paid him by her for such signing. It is not alleged that no consideration passed from the plaintiff to either of the makers, or that the appellee did not sign the note at the request of Daggy, or that he signed it solely at the request of the plaintiff in order that she might negotiate the note to third parties. An accommodation note is a loan of the credit of the maker to the payee. It does not follow, because the appellee signed the note at the request of the plaintiff and that no consideration was paid to him for so doing, that no liability arises. In very many instances notes are signed at the request of the payees by persons who do not receive the money thereon, but who sign to give additional credit to the real principal, the consideration passing from the payee to the principal debtor, the credit so given being a sufficient consideration for the signatures of all the makers."

We hold, therefore, that the trial court was correct in holding the answer to be insufficient as a defensive pleading, attempting to set up want or failure of consideration. It seems unnecessary to consider whether the answer was sufficient as pleading a partial failure of consideration as the defense pro tanto, which is authorized by section 622, New Mexico Code.

It was not so contended by the appellant in the trial court, this being emphasized by the fact that there is no assignment of error challenging the failure of the court to hold that a partial failure of consideration was pleaded.

We may remark, in passing (though not deciding), that the answer seems to lack several characteristics of a pleading for partial failure of consideration. Daniel on Negotiable Instruments (6th Ed.) § 203, has this to say:

"And a partial failure of the consideration is a good defense pro tanto. But such part as is alleged to have failed must be distinct and definite, for only a total failure, or the failure of a specific and ascertained part, can be availed of by way of defense; and if it be an unliquidated claim the defendant must resort to his cross-action."

This is one of the rules the trial court doubtless had in mind in commenting on the answer.

In 8 C. J. "Bills and Notes—Pleading—Consideration—Partial Failure," p. 922, it is said:

"A plea of failure of part of the consideration should not be framed as a bar to the whole cause of action, but only to such part. Where a partial failure of consideration is relied on, the plea should set forth in what the partial failure consists, and the extent of the failure of the consideration should be specifically alleged. A plea of partial failure of consideration, in a suit on different notes of different dates, should specify to which of the notes the plea is intended to apply."

It would seem from the facts pleaded in the case at bar that the partial failure of consideration, if any, was an unliquidated amount, in which event there is nothing to show the extent of the damage claimed by appellant, growing out of the alleged failure of defendant to keep his parol covenants.

Finding no error in the record, the judgment is affirmed and it is so ordered.

PARKER, C. J., and WATSON, J., concur.