382 P.2d 525

**J. B. HUTCHISON, d/b/a Hutchison Lumber Company, Plaintiff-Appellee,**

v.

**Stewart BONEY, Defendant-Appellant.**

**No. 6907.**

Supreme Court of New Mexico.

March 4, 1963.

Rehearing Denied June 26, 1963.

Threet & Threet, Albuquerque, for appellant.

Ernest A. Polansky, D. A. Grammer, Jr., Wilson, Whitehouse & Zucht, Albuquerque, for appellee.

CHAVEZ, Justice.

This is an appeal from a judgment rendered in favor of plaintiff-appellee on promissory notes executed by defendant-appellant.

The two notes in question were executed on July 8, 1958, by appellant Stewart Boney, as renewal notes for a note dated August 4, 1953, and due and payable August 4,

1954. The 1953 note was executed by appellant individually and as president of Boney Lumber Co., Inc., hereinafter referred to as the "corporation" and was in the amount of $8,950.55. Each of the 1958 notes was in the amount of $4,500 with interest from date until paid at the rate of 5% per annum. One of the 1958 notes was payable monthly at the rate of $100 plus interest, with the first installment due and payable January 1, 1959, and subsequent payments due and payable on the first day of each and every month thereafter until the full amount was paid. The other 1958 note was payable at the rate of $900 per annum with the first installment, in the amount of $900, due and payable on October 1, 1959, and a like sum due and payable on the first day of October of each and every year following until the full amount was paid. Interest on the latter note was payable monthly. Four payments totaling $700 were made on the first 1958 note, the last one being made on October 1, 1959. No other payment on any of the three notes was made.

On March 1, 1960, appellee, the payee on all three notes, filed suit against appellant, asserting the right of acceleration for nonpayment. Appellant answered admitting execution of the 1958 notes and setting up the defenses of lack of consideration and that appellee was not a holder for value. The answer also admitted that the 1958 notes served to renew the 1953 note which had been given upon demand for payment of a debt on open account owed by the corporation to appellee.

Trial was to the court without a jury. Judgment was rendered for appellee for $10,208.28 and costs. From this judgment appellant appeals, basing his plea for reversal on these points:

"I. The appellee failed to discharge the burden of proof resting upon it to show by a fair preponderance of the evidence, upon the whole case, that there was a consideration for the notes in suit.

"II. The judgment of the trial court is not supported by substantial evidence.

"III. The trial court's findings of fact numbers 9 and 10, and the trial court's conclusion of law number 1 are not supported by any evidence adduced by the appellee in the trial of this case."

■ There are two rules prevailing in the United States as to the burden of proof of consideration for a promissory note. Both rules are to the effect that upon proof of execution of a note consideration is presumed to exist. The division of the cases occurs in a situation where the party upon whom liability for the note is being sought to be placed attempts to rebut the

presumption. One viewpoint is that when evidence is offered which shows or tends to show lack of consideration, it is then incumbent upon the holder to show by a fair preponderance of the evidence that there was consideration. The other view is that the burden of proving lack of consideration rests solely upon the charged party. The New Mexico rule is stated in Citizens' National Bank of Roswell v. Bean, 26 N.M. 203, 206, 190 P. 1018, as being the former.

Appellant argues that because a party calling an adverse witness is not bound by the testimony thereby adduced, that this evidence may not be considered on behalf of the other party. The cases relied upon by appellant fail to support his position. In Moran v. Pittsburgh-Des Moines Steel Co., (3 C.C.A., 1950), 183 F.2d 467, error was claimed because the trial court instructed the jury that, in the absence of direct proof or circumstances rebutting such testimony, it was to take as conclusively true testimony given under a statute similar to § 21-1-1(43) (b), N.M.S.A., 1953 Comp. The circuit court held that the instruction was erroneous because it is inherently anomalous to say that a party is bound by the testimony of a witness whom he is free to contradict and impeach. However, that case did not hold that testimony elicited from an adverse witness is not to be considered as evidence if it is in conflict with other evidence presented by the party calling such adverse witness.

This court, in Carney v. McGinnis, 63 N.M. 439, 321 P.2d 626, stated that a party calling an adverse witness is not bound by the testimony resulting therefrom and, in the event such testimony is in conflict with other evidence adduced by the calling party, the court need not weigh such conflicting evidence. This ruling does not have general application as it was given in a case involving a motion by the defendant for a directed verdict made at the close of plaintiff's case. In such a situation, it has long been the rule that all the evidence favorable to plaintiff's claim must be taken and considered as true, and all evidence adverse to such claim will be disregarded. Olivas v. Garcia, 64 N.M. 419, 329 P.2d 435; Telman v. Galles, 41 N.M. 56, 63 P.2d 1049. That the testimony of an adverse witness was involved was not material in Carney v. McGinnis, supra, the only question being whether the court should weigh conflicting evidence when ruling upon a motion for a directed verdict immediately following the presentation of plaintiff's case.

When other jurisdictions have been confronted with this question, they have resolved it by saying that while a party is not bound by the testimony of an adverse witness called under Rule 43(b), Rules of Civil Procedure, this means only that he was free to cross-examine, contradict and impeach these witnesses, and that even if the testimony was not contradicted, the

trial court was not required to accept it as true, citing Moran v. Pittsburgh-Des Moines Steel Co., supra. They hold that testimony of an adverse witness is evidence in the case, to be weighed with all other evidence and given such probative value as the fact finder deems appropriate. Nuelsen v. Sorensen, (9 C.C.A., 1961), 293 F.2d 454; Chichester v. Golden, (D.C.S.D. Cal.1962), 204 F.Supp. 634; Daniels v. City and County of San Francisco, 40 Cal.2d 614, 255 P.2d 785; Krafft v. Hirt, 260 Minn. 296, 110 N.W.2d 14. This view is in accord with our construction of the statutory language employed in § 21–1–1(43) (b), supra.

■ Appellant's point II asserts that the judgment is not supported by substantial evidence. Other than the attack on findings of fact numbers 9 and 10, and conclusion of law number 1, in appellant's point III, there is no direct attack on the findings of fact and conclusions of law as is necessary under Supreme Court Rule 15 (6), (§ 21–2–1(15) (6), N.M.S.A., 1953 Comp.). We have often refused to review a point or to search the record when findings of fact were not set out and accompanied by the substance of all evidence adduced thereon. Bogle v. Potter, 68 N.M. 239, 360 P.2d 650. Those findings of fact not directly attacked become the facts in the reviewing court. Latta v. Harvey, 67 N.M. 72, 352 P.2d 649. Therefore, we restrict our inquiry into the substantiality of the adduced evidence to that pertinent to findings of fact numbers 9 and 10 and conclusion of law number 1, as raised by appellant's point III.

Having concluded that appellee's testimony as an adverse witness is to be weighed by the trier of facts in the same manner as any other evidence, it is apparent that there is substantial evidence to support the controverted findings of fact and conclusion of law.

■ As appellant did not incur any personal obligation to appellee for the credit extended to the corporation, he may not be held liable on the 1953 note as a maker because he received no consideration personally for the affixing of his signature thereon. However, if it can be shown that he signed the 1953 note as an accommodation maker, no direct consideration to him personally need be shown to establish his liability. Section 50–1–29, N.M.S.A., 1953 Comp., the law in effect when the notes were made, states:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of making the instrument knew him to be only an accommodation party."

■ Appellant's status as an accommodation party is established by the following facts: Appellee testified that he permitted appellant to sell a carload of lumber for him and to use the proceeds therefrom in operation of the corporation, which permission was not given until appellant offered to assume and pay the obligation of the corporation to appellee by personally executing a promissory note; that appellant told him that appellant would give appellee his personal note for the corporation's open account; and appellant, in his answer in the trial court, admitted that he executed the 1953 note as a joint maker with the corporation.

■■ By our statutory definition of an accommodation maker, § 50–1–29, supra, it is necessary, indeed it is a condition of his status, that one so acting not receive value for his assumption of liability. Therefore, a plea that he did not receive consideration for his act by one who admits his execution of a promissory note as a joint maker is without merit as a defense. Also, a plea by a joint maker, that the note in suit was without consideration as to him, is bad unless it negates the receipt of consideration by his joint makers or other third parties. Lane v. Mayer, 33 N.M. 28, 262 P. 182. Nowhere, either in his pleadings during the trial or upon this appeal, did appellant allege or prove that the corporation did not receive consideration for its execution of the 1953 note. In fact, he admitted that the corporation was in debt to appellee in the amount of the 1953 note and that the debt resulted from transactions with appellee wherein credit was extended to the corporation on an open account. From appellee's testimony it is apparent that, due to his reliance on appellant's assurance that appellant would personally undertake to guarantee the open account of the corporation, he forbore asserting his chose in action against the corporation. Further, from appellant's testimony, the corporation was apparently insolvent at the time the 1953 note was executed. By accepting the note of the corporation and charging off the open account to notes receivable, appellee precluded himself from filing involuntary bankruptcy proceedings against the corporation. In Coal River Collieries v. Eureka Coal & Wood Co., 144 Va. 263, 132 S.E. 337, 46 A.L.R. 485, it was held that an extension of time to a corporation on a past due note, in consideration for a note signed by its president individually, is a valid consideration. The court said:

" * * * An agreement for the extension of the time of payment is a sufficient consideration for the promise of a third person as surety to pay the debt. Williamson v. Cline, 20 S.E. 917, 40 W.Va. 194; 21 R.C.L. § 14, p. 960. Mere forbearance to sue, however, is not sufficient; there must be an agreement to forbear, express or implied, but

such agreement may be implied from the conduct of the parties and the nature of the transaction. * * *"

Appellant would have us treat appellee as being other than a holder for value. Our statutory definition of a holder for value makes this assertion patently erroneous. Section 50-1-26, N.M.S.A., 1953 Comp., states:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

The value envisioned by § 50-1-26, supra, is defined in § 50-1-25, N.M.S.A., 1953 Comp., as:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Under this definition, the existence of value is easily ascertainable in the instant situation. The corporation was indebted to appellee on an open account. When further credit was requested by appellant on behalf of the corporation, appellee refused to extend it except on the condition that appellant execute a note in favor of appellee for the entire amount of the open account plus the amount of additional credit requested. Appellant agreed to do so, whereupon the additional credit was made available to the corporation. Subsequently, a note for the entire amount of the corporation's indebtedness to appellee was executed by the corporation and by appellant as maker and accommodation maker, respectively. This note matured one year from the date of its execution. There are two factors, each of which is sufficient alone, to support appellee's claim that value was given for the note. The first of these is that additional credit was extended to the corporation in reliance on appellant's promise to execute the note. Jolliffe v. First Nat. Bank of Grafton, 126 W.Va. 273, 27 S.E.2d 710. In addition to this, the agreement that appellee would forbear from pursuing his remedies at law for a period of one year also suffices as value. Connersville Casket Company v. Gist, Mo.App., 355 S.W.2d 374, supra.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

COMPTON, C. J., and MOISE, J., concur.