[No. 19025.   Department Two. — September 7, 1893.]

JOHN A. ROEBLING SONS COMPANY, RESPONDENT, *v.* BEAR VALLEY IRRIGATION COMPANY ET AL., APPELLANTS.

LIEN OF MATERIAL MAN — CONSTRUCTION OF TELEPHONE LINE — SALE FOR PARTICULAR USE — FINDING AGAINST EVIDENCE. — In an action to enforce a material man's lien against a telephone line, where there is no evidence that the goods were sold for the purpose of being used in the construction of the particular telephone line against which the lien is sought to be enforced, the only evidence on the subject being that of the salesman of the material man, who testified that he did not know where the goods were to be used, but that they were of the kind that were used for a telegraph or telephone line, a finding that the materials sold were "to be used in the construction of said telephone line," is not supported by the evidence.

ID. — MATERIALS TO BE EXPRESSLY FURNISHED FOR STRUCTURE CHARGED WITH LIEN. — In order to enforce the lien of a material man against a building or structure the materials must not only have been used in the construction of the building, but they must have been, by the express terms of the contract, furnished for the particular building on which the lien is claimed.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George E. Harpham,* for Appellants.

The mechanic's lien law must be strictly construed. (*Bottomly* v. *Rector of Grace Church,* 2 Cal. 91.) The telephone line was not a structure within the meaning of the law. (See Code Civ. Proc., sec. 1185; *Front St. Cable R'y Co.* v. *Johnson,* 2 Wash. 112; *Lothian* v. *Wood,* 55 Cal. 163.) The evidence fails to show that the materials were furnished for the particular telephone line on which the lien was claimed. (*Houghton* v. *Blake,* 5 Cal. 240; *Holmes* v. *Richet,* 56 Cal. 310; 38 Am. Rep. 54; *Cohn* v. *Wright,* 89 Cal. 86, 88.)

*Henry Goodcell, Jr.,* and *Zue G. Peck,* for Respondent.

A telephone line is a structure within the meaning of the law. (*Forbes* v. *Willamette Falls Electric Co.,* 19 Or. 61; 20 Am. St. Rep. 793.)

McFarland, J.—This is an appeal by the defendant, the Bear Valley Irrigation Company, from a judgment in favor of the plaintiff in an action to enforce a mechanic's lien, and from an order denying a motion for a new trial.

It is averred in the complaint that appellant's grantor employed one Stebbins to construct a certain telephone line, and that respondent sold and delivered to said Stebbins certain materials which were intended to be used in, and were used in, the construction of said line. The court found these averments of the complaint to be true. It is doubtful if the evidence supports the finding that plaintiff sold the materials to Stebbins—the evidence being strongly to the point that they were sold to a company called "The Electric Construction Company." But waiving that point, it is clear that there was no sufficient evidence to support the finding that the materials were sold "to be used in the construction of said telephone line." The only evidence upon the subject is to be found in the testimony of the witness Sime, a salesman in the employ of respondent, and who testified: "I can't tell where the goods were to be used; I don't know." He also testified that the goods were of the kind that are used "for the construction of a telegraph line"; and upon further question said that they would answer for either a telegraph or telephone line. But he nowhere testified that they

were sold for the purpose of being used in the construction of the particular telephone line against which the lien is sought to be enforced. In order to enforce the lien of a material man against a building or structure, "the materials must not only have been used in the construction of the building, but they must have been, by the express terms of the contract, furnished for the particular building on which the lien is claimed. (*Bottomly* v. *Rector of Grace Church*, 2 Cal. 92; *Houghton* v. *Blake*, 5 Cal. 240; *Holmes* v. *Richet*, 56 Cal. 307; 38 Am. Rep. 54; *Cohn* v. *Wright*, 89 Cal. 86.)

The judgment and order appealed from are reversed, and the cause remanded.

DE HAVEN, J., and FITZGERALD, J., concurred.