[S. F. No. 1236.   Department Two.—April 5, 1900.]

## W. J. WEATHERLY, Appellant, v. H. L. VAN WYCK, Respondent.

MECHANICS' LIENS—CLAIM OF MATERIALMAN—PURPOSE OF FURNISHING MATERIALS—FINDING.—In order to sustain the claim of a materialman for a lien for materials furnished to a building contractor, it is not sufficient that they were in fact used in the construction of the building, but it must appear that they were furnished by the materialman expressly for the particular building on which the lien is asserted. A finding that the material was not sold by the materialman to be used in said structure, but was sold to the contractor without any agreement or understanding where it was to be used, though purchased by the contractor to be used, and was actually used, in the construction of the building, is fatal to the plaintiff's claim of lien.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

E. H. Wakeman, for Appellant.

William & George Leviston, for Respondent.

HAYNES, C.—Action to foreclose a materialman's lien. Findings and judgment were for the defendants, and the plaintiff appeals from the judgment upon the judgment-roll without any bill of exceptions.

Among other things the court found: "That said material was purchased by said Chandler (the contractor) to be used, and was actually used, in the construction of said structure upon said lot of land, for said H. L. Van Wyck, but said material was not sold by said Whittier, Fuller & Co. (plaintiff's assignors), to be used in said structure, but was sold to said Chandler without any agreement or understanding where it was to be used."

This finding is fatal to plaintiff's claim. It is not enough that the materials were in fact used in the construction of the building, but they must have been furnished by the material-

man expressly for the particular building on which the lien is asserted. (Code Civ. Proc., sec. 1183; *Roebling Sons Co. v. Bear Valley etc. Co.*, 99 Cal. 488, and cases there cited.)

This conclusion renders it unnecessary to consider the effect of the transfer of the property sought to be charged, and other questions growing out of the transfer, to which the argument is principally directed.

I advise that the judgment be affirmed.

Gray, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., Temple, J., McFarland, J.