[Sac. No. 3146. In Bank.—February 25, 1922.]

WILLIAM ENSELE, etc., Respondent, v. DON JOLLEY, Appellant.

[1] MECHANIC'S LIEN—FURNISHING MATERIAL FOR STRUCTURE—USE IN.—In order to entitle a materialman to a lien as against the owner of premises upon which a structure has been erected, the materials must not only have been furnished to be used in such structure but must also have been used therein.

[2] PLEADING.—The complaint whereby a lien for materials is sought to be established and enforced must contain substantial allegations to the effect that the said materials were furnished for and to be used in, and that they were used in the building in question.

[3] ID.—LANGUAGE OF STATUTE—UNNECESSARY.—While the essential requirements of the statute with reference to mechanics' liens must be shown to have been complied with in the plaintiff's pleading, it is not necessary that the pleadings should aver their existence in the precise language of the statute; it is sufficient if, from a reading of the complaint as a whole, it can be fairly deduced that the plaintiff has conformed to the requirements of the statute in the respect that his materials under his agreement with the defendant were to be furnished for the designated structure, and that such materials were actually used in the construction thereof.

[4] ID.—SUFFICIENCY OF COMPLAINT.—In this action for the foreclosure of a materialman's lien, it is held that the allegations of the complaint are sufficient, in the absence of a special demurrer upon the ground of uncertainty, to enable a reasonable inference to be drawn that the materials in question were agreed to be furnished for, and were furnished for and were used in, the construction of the designated structures upon the premises of the defendant sought to be charged with the lien, especially as the claim of lien was attached to the complaint and expressly made a part thereof, in which these allegations were set forth.

[5] ID.—DEFECTS IN COMPLAINT—CURE BY ANSWER.—In such a case, where the answer did not deny that the materials in question were

furnished or that they were used in the construction of the premises in question, but merely denied that the plaintiff was the person who furnished the same, and alleged that another furnished them, whatever uncertainty existed in the complaint in these respects was waived by failure to enter a special demurrer and was also cured by the form of the answer.

[6] APPEAL—JUDGMENT-ROLL—SUFFICIENCY OF EVIDENCE.—On an appeal upon the judgment-roll alone no question can arise as to the sufficiency of the evidence to sustain the averments of the complaint and to justify the findings of the court.

[7] ID.—UNCERTAINTY IN FINDINGS — RESOLVING TO SUPPORT JUDGMENT.—Whatever uncertainties may exist in the findings of the court are to be resolved, if reasonably possible, to support the judgment rather than to defeat it.

[8] ID.—AMOUNT OF LAND NECESSARY.—Where the complaint alleged in such a case that the whole of defendant's described premises were required for the convenient use and occupation of the buildings, which the answer admitted by failure to deny, and the findings expressly stated this fact, the contention to the contrary cannot be sustained on appeal.

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge. Affirmed.

The facts are stated in the opinion of the court.

Taylor & Tebbe for Appellant.

Collier & McNamara for Respondent.

THE COURT.—This appeal is by the defendant from a judgment in plaintiff's favor in an action to foreclose a materialman's lien upon certain real estate described in the complaint as the northeast quarter of northwest quarter of section 3, township 43 north, range 6 west, M. D. M.

The plaintiff alleged in his said complaint that he was the owner and proprietor of a certain retail lumber business known as the Grenada Lumber Company, under which name he was doing business; that he had furnished the defendant certain building materials for the erection of a barn and completion of a dwelling-house upon said premises, under an oral agreement with the defendant that the plaintiff was to furnish said materials for such purposes and that the defendant was to pay for the same the reasonable value thereof. The plaintiff further alleged the completion of

said buildings, the amount and reasonable value of the materials furnished therefor, the failure of the defendant to pay for the same, the due filing of his lien upon the said lands and premises of the defendant, a copy of which lien was attached to and made a part of the complaint; and finally alleged the fact that the whole of the defendant's lands and premises were required for the convenient use and occupation of the buildings so erected thereon.

The defendant did not demur to the plaintiff's complaint, but filed his answer thereto, and in his said answer, and as his first defense, denied that the plaintiff was the owner or proprietor of the business known as the Grenada Lumber Company, but that one A. L. Harlow was the owner of said business and was doing business under said name. The defendant followed this averment with specific denials that he had ever entered into any agreement with the plaintiff for the furnishing of any building material whatever for the erection of buildings upon his said premises, or that said plaintiff had ever furnished any such materials, or that he had ever agreed to pay the reasonable or any value thereof. These specific denials ended in the following affirmative statement: "and defendant shows that all of the materials furnished or labor furnished defendant for the erection of buildings upon the property described in plaintiff's complaint was furnished by one A. L. Harlow, all of which plaintiff well knows." The answer of the defendant made no denial of the sufficiency in form or of the due filing of the claim of lien, nor did the defendant deny the plaintiff's averment that the whole of the described premises would be required for the convenient use and occupation of the said buildings erected thereon.

The cause went to trial upon the issues thus presented, at the conclusion of which the trial court made its findings of fact and conclusions of law in the plaintiff's favor, following in its said findings specifically the averments of the plaintiff's complaint, and adding the general finding that all of the allegations of said complaint were true. Judgment was entered upon said findings for the establishment and foreclosure of the plaintiff's lien upon the whole of the premises described in the plaintiff's complaint. From such judgment this appeal has been taken by the defendant upon the judgment-roll alone. The following three

contentions are urged upon this appeal: First, that the complaint does not state facts sufficient to constitute a cause of action; second, that the findings are not sufficient to support the judgment; and, third, that the judgment is against law in the respect that it adjudges that the whole of defendant's premises should be subjected to the plaintiff's lien.

In support of the first of these contentions the appellant alleges that the complaint fails to sufficiently allege that the materials furnished by the defendant were actually used in the construction of the buildings in question, as the statute requires. [1] There can be no question that in order to entitle a materialman to a lien as against the owner of premises upon which a structure has been erected the materials must not only have been furnished to be used in such structure but must also have been used therein. (Code Civ. Proc., sec. 1183; *Silvester* v. *Coe Quartz Mine Co.,* 80 Cal. 510 [22 Pac. 217]; *Roebling Sons Co.* v. *Bear Valley I. Co.,* 99 Cal. 488 [34 Pac. 80]; *Bennett* v. *Beadle,* 142 Cal. 329 [75 Pac. 843].) [2] It is also well settled that the complaint whereby a lien for such materials is sought to be established and enforced must contain substantial allegations to the effect that the said materials were furnished for and to be used in, and that they were used in, the buildings in question. (*Cohn* v. *Wright,* 89 Cal. 87 [26 Pac. 643]; *Wilson* v. *Nugent,* 125 Cal. 280 [57 Pac. 1008].) [3] But, while these essential requirements of the statute must be shown to have been complied with in the plaintiff's pleading, it is not necessary that the pleading should aver their existence in the precise terms or language of the statute. It is sufficient if, from a reading of the complaint as a whole, it can be fairly deduced that the plaintiff has conformed to the requirements of the statute in the respect that his materials under his agreement with the defendant were to be furnished for the designated structure, and that such materials were actually used in the construction thereof. Looking to the four corners of the plaintiff's complaint in this action, we think that this deduction may be fairly drawn. He alleges that on or about the first day of May, 1919, he "entered into an oral agreement with defendant wherein and whereby the said plaintiff agreed to furnish certain building materials for the erection for the defendant of certain buildings [describing them] upon the lands and premises

hereinafter described." He further alleges "that said build-
ings have been completed under said contract and all the
materials agreed to be furnished by plaintiff have been fur-
nished and said contract has upon the part of plaintiff been
fully kept and performed." He then alleges "that the lands
upon which said buildings were so erected under said con-
tract are situate," etc. (here follows description), "that
at the date of said contract mentioned above and at the date
of the furnishing of said materials and the performing of
said labor as aforesaid the said defendant Jolley was the
owner of the lands hereinabove described; . . . that the
said buildings were erected thereon, and defendant knew
that plaintiff was furnishing materials as hereinbefore set
forth." Finally, he alleges "that plaintiff furnished said
materials for said buildings between the first day of May,
1919, and the twenty-eighth day of July, 1919, and that all
of said materials were furnished prior to the completion of
said buildings and that the said buildings were completed
on or about the first day of August, 1919."

[4] We deem the foregoing allegations sufficient, in the
absence of a special demurrer upon the ground of uncer-
tainty, to enable a reasonable inference to be drawn that the
materials in question were agreed to be furnished for and
were furnished for and were used in the construction of the
designated structures upon the premises of the defendant
sought to be charged with this lien. In addition to the
foregoing averments in the body of the complaint, the plain-
tiff's claim of lien was attached to it as an exhibit and
expressly made a part thereof. In such claim of lien it was
asserted that the materials for the value of which said lien
was sought were furnished by the claimant to the owner of
the described premises under an agreement to supply the
same for the purposes of constructing and erecting a building
or buildings upon said premises, and that the claimant did
furnish such materials "to be used and which were actually
used in the construction of said building or buildings."

[5] The answer of the defendant does not deny that the
materials in question were furnished or that they were used
in the construction of the buildings upon his premises, but
merely denies that the plaintiff was the person who furnished
the same, and in that behalf the defendant alleges that the
owner or proprietor of the Grenada Lumber Company was

not the plaintiff, but was one A. L. Harlow, who was doing business under that name and "that all of the materials furnished defendant for the erection of buildings upon the property described in plaintiff's complaint were furnished by one A. L. Harlow, all of which plaintiff well knows." Such being the form and content of defendant's answer, we think that whatever uncertainty there may have been in the plaintiff's complaint in the respects indicated in the defendant's present contention was waived by the defendant's failure to present a special demurrer upon that ground, and we are further of the opinion that whatever infirmities there may have been in such complaint in that respect were eked out by the form and substance of the defendant's answer.

Turning to the authorities cited by the appellant in support of his contention, we find that in the case of *Cohn* v. *Wright, supra,* upon which the defendant chiefly relies, there was a special demurrer to the complaint upon the ground of uncertainty in the precise respect in which the complaint herein is asserted to be insufficient, and that this court based its decision upon the ground that such demurrer should have been sustained. In each of the other cases cited by the appellant upon this point it was the sufficiency of the plaintiff's proof, not of his pleading, which was the subject of review. On the other hand, in the case of *Reed* v. *Norton,* 90 Cal. 590 [26 Pac. 767], the complaint alleged that "said firm sold and delivered to said Norton certain hardware and building material to be used in the erection and construction of said building and affixed and attached thereto." This allegation was held to be sufficient to show that the materials were used in the building, in the absence of a special demurrer. We conclude that there is no merit in the appellant's first contention.

This conclusion has application, also, in determining the appellant's second contention as to the sufficiency of the findings to support the judgment. [6] This appeal, being upon the judgment-roll alone, no question can arise as to the sufficiency of the evidence to sustain the averments of the complaint and to justify the findings of the court. [7] It is a well-established principle that whatever uncertainties may exist in the findings of the court are to be so resolved, if reasonably possible, to support the judgment rather than

to defeat it. (*Breeze* v. *Brooks,* 97 Cal. 72 [22 L. R. A. 257, 31 Pac. 742]; *Warren* v. *Hopkins,* 110 Cal. 506 [42 Pac. 986]; *Krasky* v. *Wollpert,* 134 Cal. 338 [66 Pac. 309]; *People* v. *McCue,* 150 Cal. 196 [88 Pac. 899]; *Murphy* v. *Stelling,* 8 Cal. App. 702 [97 Pac. 672].) The findings in the instant case follow substantially the wording of the complaint and, in addition to so doing, specifically find generally that all of the allegations of said complaint are true. Having determined that the asserted defects in said complaint are at the most mere uncertainties, it follows, under the foregoing authorities, that such uncertainties are to be resolved, if it is fairly reasonable so to do, so as to sustain the judgment. Applying this rule, we think that the inference may be fairly drawn from such findings that the materials furnished by the plaintiff to the defendant under his agreement so to do were used in the construction of the buildings upon the premises upon which the plaintiff claims and is awarded a lien.

[8] The appellant's final contention to the effect that the judgment is erroneous in its imposition of said lien upon the whole of said defendant's lands, we find to be without merit. The complaint alleged that the whole of the defendant's described premises were required for the convenient use and occupation of said buildings. The answer admitted this averment by failing to deny the same. The evidence must be presumed to have fully supported this averment, even if it had not been admitted to be true. The findings expressly state that the whole of the described premises is required for the use and occupation of the buildings erected thereon. This state of the record leaves no room for the application of the cases of *Tunis* v. *Lakeport etc. Assn.,* 98 Cal. 285 [33 Pac. 63, 447], and *Cowan* v. *Griffith,* 108 Cal. 224 [49 Am. St. Rep. 82, 41 Pac. 42], cited by the appellant to the facts of the case at bar, since in each of those cases the supreme court had the evidence before it and held the same insufficient to support the judgment.

Judgment affirmed.

Richards, J., *pro tem.,* Shaw, C. J., Lawlor, J., Wilbur, J., Waste, J., Shurtleff, J., and Sloane, J., concurred.