[Civ. No. 4049.  Second Appellate District, Division Two.—July 19, 1923.]

## W. P. FULLER & CO. (a Corporation), Respondent, v. M. FLEISHER et al., Appellants.

[1] MECHANICS' LIENS — FURNISHING OF MATERIALS FOR PARTICULAR BUILDING—PLEADING—PROOF.—In a suit to foreclose, a material-man's lien, it not only must be alleged and proved by the plaintiff that the materials were actually used or consumed in the construction, alteration, addition, or repair of the building, but it must be averred and proved that the material was furnished by the materialman expressly for that particular building.

[2] ID.—FURNISHING OF MATERIALS—USE.—In such an action, it is not enough that the owner or contractor purchased the material for use in the building on which the lien is asserted; the material-man himself must have furnished it for use or consumption in that building.

[3] ID. — RIGHT TO FOLLOW MATERIALS. — Under the mechanic's lien law of 1911, as amended, the materialman must have furnished the material to be used or consumed in the particular building upon which he claims the lien; and that statute does not contemplate that he should have the right to follow the materials which he has sold to another, in general terms, and assert a lien upon any building to which the materials may happen to have been applied.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  S. E. Crow, Judge.  Reversed.

The facts are stated in the opinion of the court.

A. B. Bigler for Appellants.

Armstrong & Shaeffer for Respondent.

FINLAYSON, P. J.—This is an appeal by the defendants M. Fleisher and M. Fleisher & Company from a judgment in favor of plaintiff in an action to enforce a mechanic's lien.

The complaint alleges that the defendant M. Fleisher & Company, a corporation, entered into a contract with the

---

1.  Materials furnished for structure, but not actually used therein, as basis of a mechanic's lien, notes, 31 L. R. A. (N. S.) 746; L. R. A. 1918D, 1041.

Santa Maria Construction Company, a copartnership, whereby the latter agreed to construct, remodel, and erect for the former a certain one-story business and office building in the city of Santa Maria, Santa Barbara County, and that plaintiff, a corporation having its principal place of business at San Francisco, furnished glass and other material to be used in, and which were used in, the construction, remodeling, and erection of the building. The court found these averments of the complaint to be true. It is contended by appellants that there is no evidence to support the finding that the glass and other material were furnished by plaintiff to be used in this particular building.

[1] In a suit to enforce a materialman's lien it not only must be alleged and proved by the plaintiff that the material was actually used or consumed in the construction, alteration, addition to or repair of the building, but it also must be averred and proved that the material was furnished by the materialman expressly for that particular building. Upon this proposition the decisions in this state are of one accord, from the early case of *Bottomly* v. *Rector of Grace Church*, 2 Cal. 90, to the recent decision of the supreme court in *Ensele* v. *Jolley*, 188 Cal. 297 [204 Pac. 1085]. [2] It is not enough that the owner or contractor purchased the material for use in the building on which the lien is asserted; the materialman himself must have furnished it for use or consumption in that building. (*Weatherly* v. *Van Wyck*, 128 Cal. 329 [60 Pac. 846].)

[3] Respondent contends that the rule that the materialman must have furnished the material to be used or consumed in the particular building upon which he claims the lien is not justified by the language of the present mechanic's lien law—the law of 1911 (Stats. 1911, p. 1313), as amended. There is no merit in the claim. So far as the rule under consideration is concerned, the language of the present statute does not differ substantially from that of the prior statutes. Section 1183 of the Code of Civil Procedure, as it now reads, declares that "materialmen . . . furnishing materials to be used or consumed in . . . the construction, alteration, addition to or repair . . . of any building . . . shall have a lien *upon the property upon which they have . . . furnished materials*, for the value of such . . . materials furnished." As will be noticed, the section gives to mate-

rialmen liens only upon the property "*upon which* they have . . . furnished materials." It is the furnishing of material to be used or consumed in the construction, alteration, addition to or repair of the particular building upon which the lien is claimed that creates the lien. The statute does not contemplate that a lumber merchant should have the right to follow the materials which he has sold to another, in general terms, and assert a lien upon any building to which the materials may happen to have been applied.

The record before us is barren of any evidence tending to support the finding that plaintiff furnished the materials for use in the construction, remodeling or erection of this particular building. All that the evidence shows is that the Santa Maria Construction Company ordered the materials of plaintiff and that the latter shipped them from San Francisco to Santa Maria, consigned to the construction company. Nowhere is there any evidence that the materials were sold by plaintiff for the purpose of being used in the construction, remodeling, or erection of any building in particular.

The judgment is reversed and the cause is remanded.

Works, J., and Craig, J., concurred.