[Civ. No. 7648. First Appellate District, Division One.—February 2, 1931.]

SAN PEDRO LUMBER COMPANY (a Corporation), Respondent, v. C. W. KREIS et al., Defendants; ISADORE REESE et al., Appellants.

D. Howard Painter and Glen Behymer for Appellants.

Ernest B. Coil for Respondent.

THE COURT.—This action was brought to foreclose a mechanic's lien filed by plaintiff on certain real property owned by defendants Isadore Reese and Ida Reese, who will be hereinafter referred to as the appellants.

Appellants entered into a contract with defendants C. W. Kreis & Son pursuant to which the latter constructed a building upon the premises. Following the execution of this contract the plaintiff furnished certain building material, for which the lien was claimed. The complaint alleged that the material was delivered pursuant to an agreement to furnish the quantities required by the contractors, and that the latter promised to pay the reasonable market value thereof; that between November 18, 1924, and February 17,

1925, lumber and building material were furnished, to be used and the same were actually used in the construction of the building; that the reasonable value thereof was $1810.05, no part of which had been paid, it being alleged, however, that material of the value of $28.80 was returned.

Appellants by their answer alleged that the contractors were to pay plaintiff an agreed price for the building material, and denied that any part of the same was furnished for use or used in the construction of the building. They also denied that any part of the claim remained unpaid.

The court found that lumber and building material of the reasonable value of $1810.05 was furnished by plaintiff to the contractors, and that the same with the exception of certain material returned, valued at $28.80, was actually used in the construction of the building. A judgment of foreclosure was entered accordingly.

As grounds for the appeal it is contended that the above findings are unsupported; that there was a material variance between the pleadings and the proof, and that the court erred in admitting the claim of lien in evidence.

Certain drivers employed by plaintiff testified to fifteen deliveries of material to the premises the value of which according to the testimony of plaintiff's shipping clerk, was $539.17. These and other drivers testified to eight other deliveries to the same place, but the record discloses no evidence as to the quantity or value of these deliveries. The shipping clerk further testified to the value of the lumber and material described in nine invoices charged to the contractors and which was shipped to the building to be used therein. The aggregate value of these items was fixed by the witness as $823.70. He also testified that he was never on the premises and had no personal knowledge that any of the lumber or material was delivered there. There was testimony that a sign was placed on the premises stating that plaintiff was furnishing material, and that two of the deliveries first mentioned were received by appellant Ida Reese. A witness called by appellants estimated the total value of the rough and finished lumber used in the building at the sum of $1306.85, this estimate being based upon prices in 1924 and 1925.

In order to entitle a materialman to a lien as against the owner of premises upon which a structure has been

erected there must be proof that the materials were used therein (*Ensele* v. *Jolley,* 188 Cal. 297 [204 Pac. 1085]) ; and the fact that the materials sold were of the kind used in a structure such as that upon which the lien is claimed is insufficient to prove that the materials were used therein (*Roebling Sons Co.* v. *Bear Valley Irr. Co.,* 99 Cal. 488 [34 Pac. 80]). Nor is it sufficient to show that the materialman shipped the materials to the contractor (17 Cal. Jur., Mechanics' Liens, sec. 149, p. 208; *W. P. Fuller & Co.* v. *Fleisher,* 63 Cal. App. 78 [218 Pac. 53]). ▪ And in the absence of a fixed contract price the value of the materials furnished must be shown, and the burden of proving their value rests upon the materialman (40 C. J., Mechanics' Liens, sec. 651, p. 460; 17 Cal. Jur., Mechanics' Liens, sec. 150, p. 208).

▪ Here, with the exception of the fifteen deliveries first mentioned of the proved value of $539.17, there was either a failure to prove the fact of the other deliveries claimed or the value thereof. Moreover, the total value testified by the plaintiff's shipping clerk, he being the only witness who professed to be familiar with prices, was but $1362.87; and this amount, as stated, included invoices of material not shown to have been delivered. This evidence was manifestly insufficient to sustain the finding that plaintiff furnished lumber and material of the value of $1781.25 which was used in the building.

▪ We find no merit in the claim that there was no evidence of the intention that the materials furnished should be used in the construction of the building. That such was the case is sufficiently shown by the testimony of plaintiff's shipping clerk.

▪ Nor was there a variance between the pleading and the proof. The testimony of this witness shows that an estimate of the cost of the materials was furnished the contractor, but that no binding obligation fixing the prices to be charged was entered into.

▪ The claim of lien was properly admitted in evidence to show a compliance with the statutory requirements (40 C. J., Mechanics' Liens, sec. 666, p. 465; *Nofziger Lumber Co.* v. *Solomon,* 13 Cal. App. 621 [110 Pac. 474]).

▪ It is further urged that there was no proof of the nonpayment of plaintiff's claim. Under the rule established

by the following cases such proof was unnecessary: *Melone* v. *Ruffino*, 129 Cal. 514 [79 Am. St. Rep. 127, 62 Pac. 93]; *Stuart* v. *Lord*, 138 Cal. 672 [72 Pac. 142]; *Barrett-Hicks Co.* v. *Glas*, 14 Cal. App. 289 [111 Pac. 760]; *Madera Sugar Pine Co.* v. *Adams*, 68 Cal. App. 111 [228 Pac. 544].

No other questions require consideration, but in view of the insufficiency of the evidence to sustain the findings in the above particulars it will be necessary to that extent to reverse the judgment. That portion of the decree, adjudging that plaintiff is entitled to a lien for the value of the fifteen deliveries of material above referred to, amounting to $539.17, is accordingly affirmed; and that portion thereof, adjudging that plaintiff is entitled to a lien for the balance of its claim, namely, $1242.08, is reversed; and it is further ordered that the cause be remanded for a new trial on the questions as to the amount and value, if any, of material furnished by plaintiff and used in the structure described in the complaint in excess of the fifteen deliveries of material mentioned.