**260 P.2d 722**

**TABET v. DAVENPORT et al.**

**No. 5648.**

Supreme Court of New Mexico.

Aug. 28, 1953.

J. J. DeWeerd, Farmington, Thomas N.. Keltner, Albuquerque, for appellants.

Tibo J. Chavez and Denis Cowper, Belen,. for appellee.

McGHEE, Justice.

The plaintiff, appellee here, filed suits below against four owners of separate lots upon which Seth Manning, as contractor, had built houses for the individual defendants, to foreclose a lien for materials furnished such contractor. Claims against other owners were settled. The defendant Herman Bosse had three houses built and the other defendants each had one house constructed. The cases were consolidated below and are here on one appeal by de-

fendants from a judgment foreclosing the liens.

The plaintiff lives in Belen, New Mexico, where he had a considerable stock of plumbing supplies and building materials for sale, and the contractor compiled a list of such materials needed in the construction of the six houses and purchased them on credit from the plaintiff. One load was hauled from Belen in a two-ton truck driven by the contractor's employee to Farmington where the houses were being built, and two loads were later hauled to Farmington in half-ton trucks, one of which was driven by the contractor and the other by one of his employees.

The principal points in controversy are whether the materials were allocated to the individual houses at the time of the sale, or were sold to the contractor on his individual credit; and, further, whether such materials were used in the construction of the individual houses, or that it was necessary for the plaintiff to establish such use.

The building materials were stored in a garage on one of the lots in Farmington, while the plumbing materials were put in the warehouse of the contractor who was also operating a general plumbing business in Farmington.

The controlling findings of fact made by the trial court are:

"5. That prior to December, 1950, each of the defendants, either directly or through another agency, employed the defendant, Seth Manning, as a contractor to construct dwellings on the property involved, vesting him with authority to purchase all necessary materials to be utilized in such construction.

"6. That pursuant to such authority, the defendant, Manning, purchased from plaintiff, on credit, materials to be used in the construction, in the following amounts: (Itemizing total amounts purchased for each house.)

"7. That all of said materials, or their equal, were, in fact, used in the construction involved herein, except that * * * one medicine cabinet * * * was not used, and * * * one water heater * * * was not used.

"9. That the materials were delivered by the plaintiff to the defendant, Seth Manning, at Belen, New Mexico, and thereafter transported to Farmington, New Mexico, the building materials being delivered to the construction location, but a large portion of the plumbing supplies were unloaded at the warehouse of the San Juan Plumbing and Heating Company, in Farmington, which was, at that time, operated by the defendant, Seth Manning.

"10. That the plumbing supplies so unloaded, were needed for the construction of the buildings herein in-

volved, and were subsequently utilized in such construction, either by specific item, or its equal.

"11. That prior to the purchase of said materials the defendant, Seth Manning, had prepared a 'want list' of items needed for the completion of the various projects, and that either at the time of delivery or shortly thereafter, by agreement between the plaintiff and the defendant Manning, the items were segregated as to which particular job they were chargeable to."

It will be noted the finding of fact was not that the materials were actually used in the construction of the respective houses, but *they or their equal* were used; also to be noted is the finding the allocation of the materials to the particular houses was made at the time of the delivery or "shortly thereafter" and by agreement between the plaintiff and Manning the materials were segregated as to the particular job to which they were chargeable. These, we believe, are the most favorable findings for the plaintiff which could be made from the record, for the testimony of all of the witnesses is to the effect the plumbing supplies were put in the warehouse of the plumbing shop, the larger items being stacked to themselves, while the small parts were put in the bins with like materials. Manning had at least eight houses under construction and when a plumber needed plumbing equipment. he went to the warehouse, picked up what was needed and installed it without regard to its allotment to a particular job. The building material appears likewise to have been used indiscriminately.

Our mechanics' lien statute, section 63–202, N.M.S.A., 1941 Comp., was taken from California and is worded exactly as was the California statute, California Act of 1872 as amended by Code Amendment in 1873–74, p. 410, Deering's Code Civ.Proc. 1937, § 1192. This court has consistently followed the California decisions in construing our lien statute and we are not persuaded we should now repudiate them. See Rio Grande Lumber & Fuel Co. v. Buergo, 1937, 41 N.M. 624, 73 P.2d 312, 123 A.L.R. 1, and cases therein cited.

By an unbroken line of authorities the California courts have held one who asserts a lien for materials must not only allege and prove that he sold the materials for use in the particular building, but that they were actually used therein. Holmes v. Richet, 1880, 56 Cal. 307; Weatherly v. Van Wyck, 1900, 128 Cal. 329, 60 P. 846; Ensele v. Jolley, 1922, 188 Cal. 297, 204 P. 1085; W. P. Fuller & Co. v. Fleisher, 1923, 63 Cal.App. 78, 218 P. 53.

Colorado holds where material is delivered to the premises under an agreement between the materialman and contractor that it will be used in a particular building, the materialman may enforce his lien, on the theory the material is under the

control of the owner, but even there it must be under an agreement made at the time of the delivery of the materials. B. F. Salzer Lumber Co. v. Lindenmeier, 1913, 54 Colo. 491, 131 P. 442.

We are not unmindful of the rule which prevails in Minnesota and New York that a materialman has a lien if he delivers material to a contractor for use in a particular building, even though the material never reaches the premises. See Thompson-McDonald Lumber Co. v. Morawetz, 1914, 127 Minn. 277, 149 N.W. 300, L.R.A. 1915E, 302, and Giant Portland Cement Co. v. State, 1922, 232 N.Y. 395, 134 N.E. 322.

The courts of many states follow the California rule, but we feel it would not serve any useful purpose to cite them.

The findings of fact of the trial court that the materials were allocated to the particular buildings at the time of sale, *or shortly thereafter,* and they *or their equal* were actually used in the building will not support the judgment foreclosing liens against the various defendants.

It should be remembered we are here dealing with individual contracts for particular houses on lots owned by the individual defendants although three were built for one man, and not with a mass building project under one ownership.

The judgment will be reversed and the case remanded to the District Court with instruction to vacate its judgment and render one denying the liens and awarding costs to the appellants.

It is so ordered.

COMPTON, LUJAN and SEYMOUR, JJ., concur.

SADLER, C. J., absent from state and not participating.