457 P.2d 705

**PANHANDLE PIPE AND STEEL, INC.,
Plaintiff-Appellant,**

v.

**Rudolph JESKO and Gladys Jesko, his wife,
Defendants-Appellees.**

No. 8687.

Supreme Court of New Mexico.

Aug. 11, 1969.

Eugene E. Brockman, Tucumcari, for appellant.

Krehbiel & Alsup, Clayton, for appellees.

OPINION

WATSON, Justice.

Panhandle Pipe and Steel, Inc., appellant here, as plaintiff below, sought to foreclose a materialmen's lien against the defendants for the cost of well pipe sold to defendants' well driller. Panhandle alleged in its complaint that defendants Rudolph Jesko and Gladys Jesko were the owners of the lands described, that the Jeskos had contracted with Guy Edwards to drill their well, and that on or about March 5, 1965, Panhandle had furnished to Edwards "pipe used as casing in the wells drilled by Guy Edwards on the defendants' above mentioned property * * *."

The parties stipulated that the Jeskos had employed Guy Edwards to drill a well for them and that the well was on the property described in the lien. In their answer, appellees alleged they had paid Edwards for the pipe. Plaintiff-appellant introduced into evidence its claim of lien, its Invoice No. 714, a dishonored check from Edwards to appellant, its ledger card, and the charge-

**458**

back memo for the dishonored check. The parties then stipulated that the testimony of plaintiff's comptroller-accountant, Mr. Bashor, in the Panhandle Pipe and Steel, Inc. v. Foy Smithson and Vera Smithson case (heard the same date), would be received in this case. The plaintiff having rested, the defendants moved to dismiss and their motion was granted by the trial court from which this appeal results. Appellant's Point III is critical to this appeal. It reads:

"THE COURT'S FINDINGS OF FACT NUMBER 7 AND 8 AND CONCLUSION OF LAW NUMBER 2 ARE CONTRARY TO THE RECORD AND THE PLAINTIFF'S REQUESTED FINDING NUMBER 2 SHOULD HAVE BEEN GIVEN."

The court's findings and conclusion are as follows:

Finding No. 7: "There is no evidence in the records that the pipe was ever *delivered* to defendant's farm in Union County, New Mexico." (Emphasis added.)

Finding No. 8: "That there is no evidence in the record that the pipe in question was ever *used* in a structure on defendant's farm in Union County, New Mexico." (Emphasis added.)

Conclusion No. 2: "Plaintiff's proof, in an attempt to establish a materialmen's lien and foreclose same, is deficient in that plaintiff has failed to prove that the pipe in question was actually *delivered* to plaintiff's [sic, defendants'] premises and actually *used* in the structure referred to in plaintiff's complaint located upon such premises." (Emphasis added.)

Plaintiff's Exhibit 1, Invoice No. 714, is reproduced below.

Plaintiff's comptroller-accountant, Mr. Bashor, testified that at the time of this shipment Edwards's credit had been cut off. Edwards had issued other worthless checks

to appellant and it had instructed its driver not to deliver the pipe unless he picked up a check from Edwards. He further testified that Edwards's worthless check, given to the driver the day the pipe was unloaded, was in payment of the entire load of pipe which included that shown on both Invoice No. 714 and another invoice (presumably Smithson's). Bashor said that appellant did not trust Edwards, but relied strictly upon the lien laws and the worthless check laws for recovery.

In addition to the above, it would seem that Jesko's payment to Edwards for the pipe would be some proof of delivery and use, although appellant does not so contend. Other than the above, there was no evidence of delivery to the farm or use of the pipe in the well thereon.

■ Section 61-2-2, N.M.S.A.1953, gives a lien to: "Every person performing labor upon, or furnishing materials to be used in the construction * * *." This has been construed to require both allegation and proof that the materials were sold to be used on the land against which the lien is claimed and that the materials *were used there and became part of the structure.*

In Tabet v. Davenport, 57 N.M. 540, 542, 260 P.2d 722, 723 (1953), this court said:

"Our mechanics' lien statute, section 63-202, N.M.S.A., 1941 Comp., was taken from California and is worded exactly as was the California statute, California Act of 1872 as amended by Code Amendment in 1873-74, p. 410, Deering's Code Civ. Proc.1937, § 1192. This court has consistently followed the California decisions in construing our lien statute and we are not persuaded we should now repudiate them. See Rio Grande Lumber & Fuel Co. v. Buergo, 1937, 41 N.M. 624, 73 P.2d 312, 123 A.L.R. 1, and cases therein cited.

"By an unbroken line of authorities the California courts have held one who asserts a lien for materials must not only allege and prove that he sold the materials for use in the particular building, but that they were actually used therein. Holmes v. Richet, 1880, 56 Cal. 307;

Weatherly v. Van Wyck, 1900, 128 Cal. 329, 60 P. 846; Ensele v. Jolley, 1922, 188 Cal. 297, 204 P. 1085; W. P. Fuller & Co. v. Fleisher, 1923, 63 Cal.App. 78, 218 P. 53."

As early as 1908, our Territorial Court, in construing the same statute, said, in Stearn-Roger Mfg. Co. v. Aztec Gold Mining & Milling Co., 14 N.M. 300, 320, 93 P. 706, 709:

"It is the furnishing of materials to be used in the construction and the *putting them into the building* which entitles the subcontractor to the lien upon the premises to the extent of the value of that material." (Emphasis added.)

Invoice No. 714 alone would support an inference of delivery of the pipe therein described to the Jesko farm, but here the evidence indicates Jesko's order of pipe was only part of the load and Edwards paid for all of it with one check, which the driver was instructed to get at the time of delivery. We must presume that the Jesko pipe was delivered there and that the rest of the load was delivered elsewhere (presumably Smithson's farm) and that Edwards was at both places if his presumed signature to both invoices is to verify this. If we had proof of delivery, perhaps we could presume use of the pipe in the well. See Annot., 39 A.L.R. 2d 394, 427; (contra, E. A. Thompson Lumber Co. v. Heald, 157 Me. 78, 170 A.2d 156 (1961)).

■ Use of the materials in the structure may be presumed from delivery on the theory that generally the owner is more familiar than the materialman with the disposition of the materials after they are delivered to the property. This same reasoning would not warrant any presumption in favor of the materialman as to delivery. As between him and the owner, evidence of delivery would generally be as available to him as to the owner, and possibly more available to the materialman, since he normally makes the delivery to the contractor, not the owner.

■ Here the trial judge did not disregard any of plaintiff's evidence under the

rule in Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940); he simply weighed the evidence and found appellant's circumstantial proof to be inconclusive as to the fact of delivery and therefore sustained defendants' motion to dismiss under Rule 41(b) (§ 21-1-1(41) (b), N.M.S.A.1953). Even if appellant had presented a prima facie case which would have required the denial of a motion for a directed verdict in a jury case, as in Medler, supra, such was not the situation here. See United States v. General Dynamics Corp., 246 F.Supp. 156 (S.D.N.Y. 1965), where this distinction is made. As we said in Blueher Lumber Company v. Springer, 77 N.M. 449, 423 P.2d 878 (1967):

"The trial court was not required to view plaintiff's testimony, together with all reasonable inferences therefrom in its most favorable aspect for plaintiff. Rather, the court weighs the testimony and applies its judgment thereto. Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438; Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568. 'A prima facie case' does not preclude this action by the trial court. Huber v. American President Lines, 240 F.2d 778 (2d Cir. 1957)."

It is well established that in determining whether the findings are supported by substantial evidence we must view the evidence in the light most favorable to support the findings and judgment of the trial court. Gilon v. Franco, 77 N.M. 786, 427 P.2d 666 (1967); White v. City of Lovington, 78 N.M. 628, 435 P.2d 1010 (Ct.App.1967). If no presumption of delivery is indulged in, then the trial court's findings 7 and 8, that there was no evidence of delivery or use of the pipe in a structure on defendants' farm, are correct.

If the lower court was correct in dismissing the action for failure to prove the necessary facts to warrant the relief asked, we see no reason to rule upon appellant's other objections. The judgment of the lower court is therefore affirmed.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.