481 P.2d 100

Judson H. FITZGERALD and Charlotte M. Fitzgerald, his wife, Defendants-Appellants,

Superb Cabinet Shop, Blueher Lumber Co., Inc., Kimbrough-Carpenter, Inc., Carroll & Loy Plumbing & Heating Corp., Defendants-Cross-Claimants and Appellees,

Mock Homes, Inc., Defendant-Appellee and Cross-Appellee,

v.

BLUEHER LUMBER COMPANY, Inc., Defendant-Cross-Claimant-Appellee and Cross-Appellant.

No. 9086.

Supreme Court of New Mexico.

Feb. 15, 1971.

Hines & Sullivan, Albuquerque, for appellants.

Perry S. Key, Albuquerque, for appellee Kimbrough-Carpenter.

Oliver Burton Cohen, Albuquerque, for appellee Blueher Lumber. ·

Menig, Sager & Curran, Albuquerque, for appellee Superb Cabinet Shop.

OPINION

COMPTON, Chief Justice.

This case is one of a series which resulted from the bankruptcy of Mock Homes, Inc., a general contractor, after the sale of various residential properties and prior to the time for filing labor and materialmen's liens had expired. See Brito v. Carpenter, 81 N.M. 716, 472 P.2d 979; Carpenter v. Merrett, 82 N.M. 185, 477 P.2d 819 (Decided December 7, 1970); and Daughtrey v. Carpenter, 82 N.M. 173, 477 P.2d 807 (Decided December 14, 1970).

This action was filed by appellee Kimbrough-Carpenter, Inc., a subcontractor under Mock Homes, Inc., to foreclose a labor and materialmen's lien against the home of appellants, Judson and Charlotte Fitzger-

ald. The Fitzgeralds had purchased Lot 10, Block 7 of Desert Terrace, Unit No. 2 prior to the time for filing of liens had expired. The complaint joined other lien claimants, some of whom filed cross-claims.

This appeal is by the home owners from a judgment in favor of appellees, Superb Cabinet Shop, Blueher Lumber Company and Kimbrough-Carpenter, Inc. The claims of the other defendants have either been settled or dismissed without appeal.

■ Appellants first contend that the trial court erred in denying their motion to dismiss the cross-complaints of appellees, Blueher and Superb Cabinet, for failure to commence timely action. This point was also raised in Daughtrey v. Carpenter, supra, and we think our ruling there is controlling here. The pleadings of the cross-complainants contained certificates of service of mailing to opposing counsel of record similar to those found sufficient in Daughtrey. Rule 5(a) and (b) of the Rules of Civil Procedure [Section 21–1–1(5) (a) and (b) N.M.S.A. 1953] do not require service of a summons with a cross-claim except on parties in default. Daughtrey v. Carpenter, supra.

■■ Appellants next contend that the trial court erred in admitting into evidence the claim of lien of appellee Blueher. A similar claim also was made in Daughtrey. The facts here as to the filing of the original and the "supplemental lien" and the additions placed thereon are the same, except, here the "supplemental lien" was not re-verified by Blueher's general manager. Also, a photostatic copy of the original lien, certified by the county clerk, rather than the "supplemental lien" was placed into evidence by the appellee.

Appellants contend that the alteration of the original instrument voided it; however, they do not claim any deficiency in the original instrument as such. This claim of error is without merit. Copies of documents, properly certified, were admissible. Section 21–1–1(44) (a) (3) N.M.S.A.1953. Moreover, no prejudice is shown

to the appellants by the introduction of the photostatic copy. Compare Crego Block Co. v. D. H. Overmyer Co., 80 N.M. 541, 458 P.2d 793; Daughtrey v. Carpenter, supra.

■ Appellants contend that the trial court erred in refusing to grant their motion to dismiss the cross-claim of appellee Blueher for failure to prove that the materials were incorporated into appellants' property. We find no error in this regard. Appellants cite as authority for their position Panhandle Pipe and Steel, Inc. v. Jesko, 80 N.M. 457, 457 P.2d 705. That case is distinguishable on its facts. In Panhandle, material for *two* different destinations was shipped under a single invoice, whereas, here, the material listed on each separate invoice placed into evidence was shipped to only *one* destination, appellants' property. The invoices admitted into evidence, together with the testimony of Michael Pushnik, outside salesman for appellee Blueher, show that he sold the materials to Mock Homes, Inc. Milton Wade, general manager of Blueher, testified that the materials were delivered to appellants' property. Use of the materials in appellants' home may be presumed from such delivery. Panhandle Pipe and Steel, Inc. v. Jesko, supra. See Annot., 39 A.L.R.2d 394.

■ Appellants make the same contention with regard to the claim of appellee Kimbrough-Carpenter, Inc., that is, failure to prove delivery and incorporation into appellants' property. We also find no merit in this point. Substantial evidence to support the findings of delivery and incorporation are found in the record. As we indicated in Panhandle, an invoice alone supports an inference of delivery under the circumstances here. The material listed on the invoice admitted into evidence had a *single* destination, that of appellants' property. Then, appellants' admission that the installation of the floor was done by appellee's employee supplied the necessary proof of incorporation.

Appellee, Kimbrough-Carpenter, contends that this court is without jurisdiction to consider this appeal because appellants' notice of appeal was not timely filed. This point previously was raised by appellee's motion to dismiss and denied. We see no purpose to discuss it further.

■ Appellants claim that the trial court abused its discretion in awarding attorney's fees to appellees. Kimbrough-Carpenter, Inc., was awarded attorney's fee of $250.00 on a judgment of $407.85; Blueher Lumber Company was awarded attorney's fee of $459.20 on a judgment of $2,296.00; and Superb Cabinet Shop was awarded attorney's fee of $250.00 on a judgment of $471.12. Such fees are allowed as costs and we see no abuse of discretion. Daughtrey v. Carpenter, supra. The trial court in its discretion may allow additional attorney fees for this appeal. Daughtrey v. Carpenter, supra.

Kimbrough-Carpenter in its answer brief has asserted a claim for additional damages under our Rule 17(3) [Section 21–2–1(17) (3) N.M.S.A.1953]. We find no merit in this claim.

■ By its cross-appeal Blueher Lumber Company urges that the trial court erred in not allowing interest on its judgment. All of Blueher's invoices contained an interest charge of one per cent per month on past due accounts. While there may or may not have been an agreement on this point between the subcontractor, Blueher, and the general contractor, Mock Homes, the cross-appellees, Fitzgeralds, certainly had no such contractual relationship with Blueher. We have held that the establishment of a mechanics lien does not warrant a personal judgment against an owner who is not in a contractual relationship with the lien claimant. Allison v. Schuler, 38 N.M. 506, 36 P.2d 519. We think it is only logical that interest is not a lienable item chargeable to a third party owner who is not in a contractual relationship with the claimant.

The judgment is affirmed and remanded to the trial court in order that it may exercise its discretion whether to allow or disallow to appellees, Blueher, Superb Cabinet

 

and Kimbrough-Carpenter, a reasonable amount for the services of their attorneys before this court.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.