321 P.2d 626

J. Iver CARNEY and Fred Poorbaugh, d/b/a Empire Realty Co., a co-partnership, Appellants,

v.

Frank McGINNIS and Eva McGinnis, his wife, Appellees.

No. 6253.

Supreme Court of New Mexico.

Jan. 6, 1958.

Rehearing Denied Feb. 25, 1958.

Kool & Krannawitter, Albuquerque, for appellants.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellees.

HARRIS, District Judge.

This is an action, tried to the Court without a jury in which the plaintiffs, licensed real estate brokers, seek to recover from the defendants a real estate sales commission. It is contended by plaintiffs that pursuant to a valid listing they procured a purchaser ready, able and willing to pur-

chase the defendants' property upon the terms and conditions of such listing. The parties are referred to herein as they appeared in the trial court.

■ Upon the conclusion of plaintiffs' testimony, the case was dismissed on motion of defendants. It therefore follows that under the decisions of this court, all the evidence in the record favorable to plaintiffs' claim must be taken and considered as true, and all evidence adverse to such claim disregarded. Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508; Telman v. Galles, 41 N.M. 56, 63 P.2d 1049.

In the course of plaintiffs' presentation of their case one of the defendants, Frank McGinnis, was called and testified as an adverse witness, under our rule 43(b). His testimony was in part conflicting with the testimony adduced from other of plaintiffs' witnesses. It is contended by defendants that by reason of such conflict, the trial court had the right and the duty, in dismissing the case, to weigh such conflicting evidence.

■■ There is no merit in this contention. A party is not bound by the testimony of an adverse witness, whom he has called for examination. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 183 F.2d 467.

From the testimony so considered we deduce the following ultimate facts:

The defendants, for several years prior to March 19, 1956, were the owners of the property in question; and plaintiffs, at defendants' request, endeavored to sell the property for a period of time extending from approximately May 10, 1954, to March 18, 1955, on an oral listing, except for the period from July 10, 1954, to September 10, 1954, when plaintiffs held an exclusive written listing.

In the first part of March, 1956, plaintiffs procured a prospective purchaser in Waco, Texas, who came to Albuquerque and contacted the defendants through the plaintiffs. Negotiations between the parties relative to price, terms and conditions were somewhat extensive, and a check was made by the prospective purchaser as to revenue produced from the property.

Offers and counter offers were exchanged between the parties but no conclusive agreement was ever reached. On March 18, 1956, the defendants executed a written offer to the prospective purchasers, in the form of a binder which contained detailed terms and conditions upon which they would sell, including a specified commission to the realtors. On the day following, the prospective purchasers in turn submitted to the owners their counter proposition to purchase, also by way of a written binder, which was rejected by the defendants. Later, and after additional negotiations between the parties, the defendants informed the plaintiffs verbally they would not sell except upon the terms and conditions set forth in their offer of the 18th. Thereupon

the plaintiffs contacted the prospective purchasers and induced them to accept the defendants' original binder offer.

The fully executed binder was thereupon presented to the defendants who refused to consummate the sale.

In dismissing the case, the trial court undoubtedly acted upon the assumption that the written offer of the defendants, having been rejected by the counter offer, the memoranda contained in that offer respecting the brokerage listing was likewise nullified.

Viewing the ultimate facts in the light of the rule above cited, there are two questions to be determined in this case, namely:

(a) Did the plaintiffs obtain a valid, statutory listing from the defendants, and if so,

(b) Did plaintiffs procure a purchaser ready, able and willing to purchase under the terms and conditions of such brokerage agreement.

Section 70-1-43, New Mexico Statutes, 1953 Annotated, so far as applicable to the facts of this case, reads as follows:

"Any agreement entered into subsequent to the first day of July, 1949, authorizing or employing an agent or broker to purchase or sell lands, tenements, or hereditaments or any interest in or concerning them, for a commission or other compensation, shall be void unless the agreement, or some memorandum or note thereof shall be in writing and signed by the person to be charged therewith * * *".

It is immaterial as between the plaintiffs and defendants that no enforceable contract was ever consummated between the owner and the prospective purchaser. The fact remains that defendants' written binder contained all the essential terms and conditions of their agreement with the plaintiffs, including the commission to be paid and to whom. The instrument is signed by both the defendants and the plaintiffs. It is a "memorandum or note" meeting fully the requirements of the foregoing statute.

As to a determination of the second question, it affirmatively appears from all the evidence exclusive of the testimony of the adverse witness that the plaintiffs did procure a purchaser who was ready, able and willing to purchase upon the terms and conditions of the listing.

It follows that the court erred in dismissing the complaint at the conclusion of plaintiffs' case in chief.

The judgment is reversed and the trial court directed to reinstate the case on the docket and proceed with the trial in accordance with the views herein expressed. The appellants will recover the costs of this appeal.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.