373 P.2d 542

James B. BROWN, Plaintiff-Appellant,

v.

Calvin HORN, Defendant, Third-Party
Plaintiff-Appellee.

No. 7099.

Supreme Court of New Mexico.

July 26, 1962.

Hines, Prentice & Mistretta, Albuquerque,
for appellant.

Modrall, Seymour Sperling, Roehl &
Harris, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an action by appellant, a real estate broker, to recover a commission from a prospective purchaser, Calvin Horn, appellee, according to the terms of a binder agreement dated July 14, 1960, executed by Horn and the prospective seller, Ted M. White, which binder agreement was later mutually rescinded by the parties thereto. A third-party complaint filed against White was subsequently dismissed. Plaintiff's motion for summary judgment was denied. The case was tried to the court. Judgment was entered dismissing plaintiff's complaint, from which this appeal is taken.

The situation before us is not one in which the broker is seeking a commission under a brokerage contract. The appellant, while purporting to act as agent for the seller, claims to have obtained a purchaser ready, willing and able to purchase on the seller's terms as set forth in the binder, and rests his claim on the statement contained in the binder agreement, "Buyers to pay 6% commission in cash to Milo Nasci." Nasci, appellant's agent, was the duly licensed real estate broker involved.

The question is whether a broker having no listing agreement in writing as required by § 70–1–43, N.M.S.A. 1953, but who brings together a buyer and seller whose negotiations culminate in the execution of a binder agreement signed only by those two parties and providing that the buyer will pay the broker a 6% commission, is entitled to the commission without regard to whether the sale is consummated.

■ In the absence of an attack by appellant on the findings of fact of the trial court, they are the facts upon which our decision must be based, Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391, in determining whether the trial court erred in disallowing recovery of the commission. The facts, as found by the court, are:

"1. The written listing of the plaintiff or his agents with seller, Ted M. White, expired prior to July 14, 1960, and at all times material hereto there was no agreement in writing between the plaintiff broker and Ted M. White authorizing plaintiff or his agents to find a buyer for White's property and no agreement by White to pay any commission.

"2. The plaintiff's cause of action was based upon the Binder Agreement, defendant's Exhibit 4 and Plaintiff's Exhibit 1, and specifically upon the language contained therein, as follows: 'Buyers to pay 6% commission in cash to Milo Nasci.' This binder was never executed by the plaintiff or any agent employed or associated with him.

"3. The sale contemplated by the Binder Agreement of July 14, 1960, was never consummated and the parties to the agreement mutually rescinded and terminated the said Binder Agreement.

The payment of commission was contingent upon the consummation of the sale, as between the parties, or at least the execution by the buyer and seller of a binding and enforceable agreement setting forth the details of the sale.

"4. The Binder Agreement of July 14, 1960, was incomplete and nonspecific in itself and would of necessity have required additional negotiations between the buyer and the seller as to essential matters, such as vesting of title in the buyer upon partial payment made under a contract, the specification of particular tracts and their location for release and vesting of title in the buyer, the security for payment of any unpaid balance of the purchase price, selection of and instructions to escrow agent, furnishing of evidence of title either by abstract or title insurance policy, the sale of additional land other than that described in defendant's Exhibit 4 and Plaintiff's Exhibit 1, conditions for release of down payment, responsibility for satisfaction of title requirements and survey description and other essential matters suggested but unsettled by said Binder Agreement."

The rule that a broker employed to sell real property has earned his commission when he has produced a purchaser who is ready, willing and able to purchase on terms agreeable to the vendor and who is accepted as such by his principal by entering into a contract with him, the appellant's first point on appeal, is not applicable here. The rule is based on the principle that the broker, having performed what he was employed to do, is entitled to a commission without regard to the ultimate fate of the contract between the principal and the purchaser produced by him. Stewart v. Brock, 60 N. M. 216, 290 P.2d 682; Harp v. Gourley, 68 N.M. 162, 359 P.2d 942. And, since the trial court concluded from its undisputed findings that there was no basis for the recovery of a commission by appellant from the seller for whom he was purporting to act, even if he had produced a purchaser ready, willing and able to buy, his position that he was entitled to a commission from the purchaser, for whom he was not purporting to act, and where no sale is consummated, is untenable.

Even if it can be said under certain circumstances, that a binder agreement itself satisfies the requirements of the statute as to a sufficient memorandum in writing, Carney v. McGinnis, 63 N.M. 439, 321 P. 2d 626, that is not the case here since the binder agreement relied on did not grow out of any employment agreement between the seller and broker. Section 70–1–43, N.M.S.A. 1953. There was no independent contract of employment with either the purchaser or the seller. The claim for commission is based upon the provision in the binder agreement, to which appellant is not a party. Under these circumstances, the

provision relating to the payment of a commission is not separable from the remainder of the contract, but contingent upon the consummation of the purpose for which the binder agreement **was** made. Jennings v. Jordan, 31 Cal.App. 335, 160 P. 576; Brion v. Cahill, 34 Cal.App. 258, 165 P. 704; and Lawrence Block Co. v. Palston, 123 Cal. App.2d 300, 266 P.2d 856. There was no error in the ruling of the court.

From what has been said, no discussion is required of appellant's additional points on appeal relating to third-party beneficiaries, novation, immateriality of mutual rescission, etc.

The only direct attack made by appellant is on the trial court's conclusion of law No. 5, which states:

"The Binder Agreement of July 14, 1960 was incomplete, ambiguous and preliminary only to a supplemental or final agreement, requiring further negotiation and agreement as to many particulars suggested by, but not specified in said Binder Agreement. By reason of the ambiguous, incomplete and uncertain language, parol evidence relating to the circumstances, intention and meaning of the agreements in evidence was properly admissible."

■ Appellant contends that the binder agreement was complete on its face and contained all facts necessary to support an action for recovery of the commission and, therefore, the parol evidence admitted to show the intentions of the parties and the circumstances surrounding the negotiations leading to the signing of the agreement, was erroneously admitted since it varied, modified, changed and altered a contract for the sale of real property. This contention is without merit. He relies, in the main, on cases which hold parol evidence inadmissible to show subsequent verbal modifications of a contract. That is not true here. The terms of the binder agreement were not changed, modified, varied or altered by the testimony admitted. The binder agreement being ambiguous as found by the court, parol evidence was properly admitted to enable the court to put itself in the place of the parties to the contract and, in particular, to view the intentions of the parties as they related to the provision "Buyers to pay 6% commission in cash to Milo Nasci," which term forms the basis of the present claim. Hill v. Hart, 23 N.M. 226, 167 P. 710; Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456. 24 P.2d 718; Harp v. Gourley, supra.

■ Appellant further contends that his motion for summary judgment should have been granted because there was no issue of fact. There is no basis for this contention. Since parol evidence was properly and necessarily admitted to explain the uncertain and incomplete terms of the agreement,

including the provision for payment of a commission, there was a genuine issue of material fact not determinable on motion for summary judgment.

Finding no error, the judgment of the court below will be affirmed. IT IS SO ORDERED.

CARMODY and CHAVEZ, JJ., concur.

MOISE and NOBLE, JJ., not participating.