486 P.2d 65

Howard W. **HERBERT**, Plaintiff-Appellant,

v.

**SANDIA SAVINGS & LOAN ASSOCIA-TION** and Savings Financial Corporation, Defendants-Appellees.

No. 9188.

Supreme Court of New Mexico.

May 28, 1971.

Rehearing Denied June 17, 1971.

Sutin, Thayer & Browne, Irwin S. Moise, Norman S. Thayer, Albuquerque, for plaintiff-appellant.

Franks & deVesty, Albuquerque, for defendants-appellees.

## OPINION

OMAN, Justice.

Plaintiff brought suit for damages allegedly arising from a breach of contract by defendants in terminating plaintiff's employment by defendants. Plaintiff appeals from a judgment for defendants entered pursuant to a motion under District Court Rule 41(b) [§ 21–1–1(41) (b), N.M.S.A. 1953 (Repl.Vol. 4, 1970)]. We affirm.

This case was tried to the district court without a jury. At the close of plaintiff's case the court sustained defendants' motion made pursuant to District Court Rule 41(b), supra. Findings of fact and conclusions of law were made and entered by the district court pursuant to District Court Rule 52(B) [§ 21–1–1(52) (B), N.M.S.A. 1953 (Repl.Vol. 4, 1970)].

Plaintiff relies upon one point for reversal, which consists of (1) an attack on certain findings of the trial court, (2) a claim of error on the part of the trial court in refusing certain requested findings, and (3) a claim that the trial court erred in concluding the contract of employment was terminable at will. At the outset he concedes his success is dependent upon overturning certain of the trial court's findings. Thus, we must determine whether the evidence was sufficient to support these findings in the light of the rule by which the trial court was obliged to view the evidence.

Since the case of Hickman v. Mylander, 68 N.M. 340, 362 P.2d 500 (1961), this court, with an exception or two, has consistently held the trial court, in ruling on a motion and making findings under Rule 41(b), supra, may properly weigh all of the evidence and give to it such weight as the court believes it deserves. Komadina v. Edmondson, 81 N.M. 467, 468 P.2d 632 (1970); Panhandle Pipe and Steel, Inc. v. Jesko, 80 N.M. 457, 457 P.2d 705 (1969). See also White v. City of Lovington, 78 N.M. 628, 435 P.2d 1010 (Ct.App.1967). That is, a judgment dismissing an action or claim under Rule 41(b), supra, unless the trial court otherwise specifies, constitutes a judgment on the merits. Blueher Lumber Co. v. Springer, 77 N.M. 449, 423 P.2d 878 (1967). See also Komadina v. Edmondson, supra; Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824 (1962). In determining whether findings made by the trial court, as required by Rule 41(b), su-

658

pra, are supported by substantial evidence, the evidence in support thereof must be viewed in the same manner as evidence is viewed in support of findings made in any other case decided on the merits. This determination requires that the evidence be viewed in the light most favorable to support the findings of the trial court. Panhandle Pipe and Steel, Inc. v. Jesko, supra, Montano v. Saavedra, supra; White v. City of Lovington, supra.

It is true in Hutchison v. Boney, 72 N.M. 194, 382 P.2d 525 (1963), the rule followed by this court prior to Hickman v. Mylander, supra, was reaffirmed. Two decisions of this court which preceded the Hickman case were cited in the Hutchison v. Boney decision as support for the statement that in passing on a motion under Rule 41(b), supra, " * * * all the evidence favorable to plaintiff's claim must be taken and considered as true, and all evidence adverse to such claim will be disregarded. * * *" Apparently the court overlooked the decisions in Montano v. Saavedra, supra, and Hickman v. Mylander, supra. In any event, the Hutchison decision, to the extent that it reaffirmed the earlier rule, was in error and is inconsistent with a number of decisions by this court which have followed the Montano and Hickman cases.

Since, as already stated, a judgment entered under Rule 41(b), supra, constitutes a judgment on the merits, unless the trial court otherwise specifies, this court also was in error in its decision in Hutchison v. Boney, supra, insofar as it sought to distinguish between findings of fact made under Rule 41(b) and findings of fact made in other proceedings leading to a judgment on the merits, and insofar as it expressed the applicability to findings of fact made pursuant to Rule 41(b) of the holding in Carney v. McGinnis, 63 N.M. 439, 321 P.2d 626 (1958), that the trial court need not consider or weigh the testimony of an adverse witness.

Plaintiff in the case now before us takes the position that testimony of an adverse witness, which is contrary to the testimony of plaintiff's other witnesses, is not to be weighed. He relies upon Carney v. McGinnis, supra. In this he is in error. As shown above, the consideration and weight to be given the testimony of an adverse witness is the same whether the proceedings leading to a judgment on the merits fall within Rule 41(b), supra, or constitute a complete trial consisting of a full presentation of evidence by both sides and the resting of their respective cases. The correct rule is stated as follows in Hutchison v. Boney, supra:

" * * * [W]hile a party is not bound by the testimony of an adverse witness called under Rule 43(b), Rules of Civil Procedure, this means only that [the party is] free to cross-examine, contradict and impeach [this witness], and that even if [the witness'] testimony [is] not contradicted, the trial court [is] not required to accept it as true, * * * [T]he testimony of an adverse witness is evidence in the case, to be weighed with all other evidence and given such probative value as the fact finder deems appropriate. * * *"

Plaintiff attacks six findings of the trial court as being unsupported by the evidence. As already stated, he concedes these six findings must be overturned if he is to prevail in this appeal.

We see no useful purpose to be served by quoting the six findings and detailing all the evidence in support of each. However, considering the evidence in the light of the foregoing stated rules, and the six findings in their proper relationship to the other findings of the trial court which have not been attacked, we are of the opinion these six findings are supported by the evidence.

The judgment should be affirmed.

It is so ordered.

STEPHENSON, J., and JOE W. WOOD, Judge of Court of Appeals, concur.