**STATE of Iowa, Appellee,**

v.

**Robert W. SMILEY and Donald V. Smiley, Appellants.**

**No. 55489.**

Supreme Court of Iowa.

Oct. 18, 1972.

Lloyd E. Humphreys, Cedar Rapids, for appellants.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and William Faches, Linn County Atty., for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendants appeal their convictions of assault and battery, citing error in several evidentiary rulings. We reverse.

Both defendants had a proprietary interest in the Sportsman's Lounge in Cedar Rapids. Complaining witness is a member of an organized gang which also included Slatko Haiden referred to in the briefs as "Sluggo." The gang together with female companions patronized the lounge on the night in question. Sluggo used some foul language in front of the women incensing

the complaining witness. As a result Sluggo and the complaining witness started an altercation.

There is a dispute as to what followed. The evidence viewed in the light most favorable to the verdict would clearly support a conviction. The co-defendants attempted to show their actions to be defensive in nature. The verdict, although inconsistent with any such claim, arises from a record replete with error.

 I. The trial court sustained the State's objections to defense questions exploring the drinking by the gang members earlier that night. It is within the sound discretion of the trial court to exclude relevant evidence too remote to be material or have any probative value. State v. Clark, 187 N.W.2d 717, 720 (Iowa 1971). However it scarcely qualifies as sound discretion to exclude evidence of the immediate drinking experience of the participants of a brawl giving rise to a criminal charge.

II. The trial court repeatedly sustained objections grounded on a witness's equivocation in giving answers. The witness attempted to qualify his answers by saying that he believed the facts to be as he testified. The objection was that he did not know them to be as he testified, as if to require a moral certainty.

"The fact that a witness is uncertain as to either the observation or the recollection of a fact concerning which he is asked to testify, and gives his testimony qualified by a phrase or phrases expressive of something less than a positive degree of assurance, such as 'I think' or 'I believe,' does not affect the admissibility of his evidence, * * * A witness is not required to speak with such confidence as to show that there are no doubts in his mind; the fact that he qualifies his testimony affects only its probative force, * * * *" 30 Am.Jur.2d, Evidence, section 1081, page 228.

III. The prosecutor objected to answers given by various witnesses during their examination by defense counsel on grounds they were not responsive to the question asked. These objections were repeatedly sustained by the trial court. In each such instance this was error. Only the attorney conducting the examination at the time may object to the lack of responsiveness on the part of the witness. Such objection is never available to opposing counsel. Miller v. Miller, 237 Iowa 978, 23 N.W.2d 760.

Taken together, the erroneous rulings on the admissibility of evidence require a reversal.

Reversed and remanded.