**STATE of Iowa, Appellee,**

**v.**

**Joseph William MYERS, Appellant.**

**No. 56432.**

Supreme Court of Iowa.

Feb. 20, 1974.

Rehearing Denied March 18, 1974.

Frank M. Krohn, Newton, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., and Bruce J. Nuzum, Co. Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant appeals his conviction following trial for the offense of shoplifting property exceeding $20 in value, in violation of § 709.20, The Code. We affirm.

■ I. *Sufficiency of the evidence.* Defendant contends trial court should have directed a verdict in his favor.

We view the evidence upon defendant's appeal in the light most favorable to the State. State v. Cowman, 212 N.W.2d 420, 422 (Iowa 1973); State v. Reeves, 209 N. W.2d 18, 21 (Iowa 1973). So viewed, the jury could have found that the manager of the Ward's store in Newton, Iowa, saw the defendant put on a suede coat and go out the door. Immediately checking, the manager found the sole remaining suede coat on the rack missing and an old coat on the hanger in its place. He and an assistant manager stopped defendant on the street. The manager identified the coat by its appearance and the Montgomery Ward tags in the pocket.

When defendant could not produce a receipt he was requested to accompany the managers back to the store. After proceeding a short distance defendant ran away, escaped down an alley and was seen entering a Maid Rite Cafe. He then apparently ran into an adjoining portrait studio where he asked to use the restroom. The tags were found on the restroom floor and the coat in the camera room.

Both managers, in court, identified defendant as the man they had pursued and apprehended. The portrait studio clerk did not think defendant was the man who came into that establishment.

In a criminal action the case should be submitted to the jury if there is any substantial evidence tending to support the charge. State v. Brown, 172 N.W.2d 152, 155 (Iowa 1969). Following that rule, it is clear trial court would not have been justified in directing a verdict of acquittal.

■ II. *Denial of notice on State's motion for continuance.* Defendant was arrested and charged on December 23, 1972. A county attorney's information was filed January 19, 1973. There followed an arraignment on February 5, 1973, at which time the court appointed an attorney for defendant and the latter entered a plea of not guilty.

On March 7, 1973 the State filed a motion for continuance "until the next time of this Court when criminal matters are to be tried" on the grounds that "civil cases have filled the Docket of this Court," and "the defendant has not filed a Motion for a Speedy Trial." On the same date the motion was allowed, apparently without notice to defendant, who was eventually tried May 1, 1973.

Defendant contends trial court erred in not notifying him or giving him an opportunity for hearing before granting the continuance motion.

Section 780.2, The Code, makes rule 183, Rules of Civil Procedure applicable to criminal actions. That rule, entitled "Causes for Continuance," pertinently provides:

"(a) A continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained. It shall be allowed if all parties so agree and the court approves."

It is difficult to discern how "substantial justice" will be obtained for one incarcerated and charged with a felony by giving priority to civil matters or granting a continuance on the basis defendant has failed to file a speedy trial motion. The follow-

ing priority is suggested by ABA Minimum Standards for Criminal Justice, Speedy Trial (Approved Draft, 1968): Standard 1.1, " * * * (a) the trial of criminal cases should be given preference over civil cases; and (b) the trial of defendants in custody and defendants whose pretrial liberty is reasonably believed to present unusual risks should be given preference over other criminal cases." See also Contemporary Studies Project: Perspectives on the Administration of Criminal Justice in Iowa, 57 Iowa L.Rev. 598, 780 (1972).

Nor do we find persuasive the State's argument it was defendant's responsibility to remain informed of adverse motions and file written objections, when the record reflects the motion and the ruling were both filed the same date.

Unquestionably, it was incorrect practice to continue a criminal case on the motion of the county attorney without notice to an available person accused. 22A C.J.S. Criminal Law § 509, p. 195. But such conclusion does not necessarily resolve the issue whether this procedure is reversible error.

Here defense counsel had notice the continuance motion was granted and did nothing. No complaint was made relating to lack of notice or hearing on the motion until appeal.

We have said trial court and the State are entitled to know defendant's claims, his objections, and in what respect he contends he is not receiving a fair trial. State v. Myers, 257 Iowa 857, 860, 135 N.W.2d 73, 75 (1965). In State v. Bruno, 204 N.W.2d 879, 886 (Iowa 1973) we held an error in a preliminary matter before trial would not be considered by us when not raised in trial court. See also State v. Houston, 261 Iowa 1369, 1375, 158 N.W.2d 158, 162 (1968).

While we do not condone the practice evidenced by this record with respect to the continuance motion, we hold under the above circumstances defendant has waived any resulting error.

III. *Denial of right to speedy trial.* Defendant asserts trial court erred in not dismissing the action against him on the court's own motion. Defendant was incarcerated from the date the information was filed until trial date. He first asserted his speedy trial rights under the United States and Iowa Constitutions, and under § 795.2, The Code, 1971, in his motion for new trial.

Construing the Iowa Constitution, art. I, § 10, and § 795.2, The Code, we have held unless a defendant is neither admitted to bail nor represented by counsel he may waive his right to speedy trial by delaying his dismissal motion until after the jury's verdict. State v. Schiernbeck, 203 N.W.2d 546, 547 (Iowa 1973); Foster v. Brewer, 197 N.W.2d 366, 367 (Iowa 1972); State v. Allnutt, 261 Iowa 897, 901, 156 N.W.2d 266, 268 (1968). A similar rule is indicated in Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 117–118 (1972) in which the United States Supreme Court, interpreting the Constitution of the United States, Amendment 6, said, "We emphasize that failure to assert the [his speedy trial] right will make it difficult for a defendant to prove that he was denied a speedy trial." See also ABA Minimum Standards for Criminal Justice, Speedy Trial (Approved Draft, 1968): Standard 4.1.

Acknowledging by implication his failure to take the initiative required by the above authorities, defendant argues the court nonetheless should have dismissed the case on its own motion. We do not so construe the intent and purpose of § 795.2, The Code. That obligation falls on the court only in those instances where defendant is neither admitted to bail nor represented by counsel. Any other interpretation would inevitably thrust the duties of defense counsel on trial court, in every action, and require the court to know the myriad of crucial dates in all of the criminal cases within its jurisdiction. Under the language of this statute, it is plain there was no legislative intent to cast such burden on the trial courts.

We hold defendant in this instance waived any right to a speedy trial.

Other subsumed alleged errors have been considered and found without merit. The case is affirmed.

Affirmed.

All Justices concur, except RAWLINGS, J., who concurs in result.