# IN THE COURT OF APPEALS OF IOWA

No. 14-1873
Filed February 10, 2016

**ELMER PAUL SCHECKEL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Bradley J. Harris, Judge.

An applicant appeals the district court's dismissal of his applications for postconviction relief. **AFFIRMED.**

Elmer Scheckel, Oelwein, appellant pro se.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katie Fiala, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Elmer Scheckel appeals the district court's dismissal order in the eight postconviction relief proceedings he filed challenging his conviction for various traffic offenses.[1] At the district court, Scheckel claimed his convictions for the traffic violations should be vacated because the court lacked jurisdiction due to the traffic citations being unsworn and because his right to a speedy trial was violated. Scheckel raises the same claims on appeal.

The district court rejected Scheckel's jurisdictional challenge, concluding that upon the court's inspection of the underlying court files all of the traffic citations were properly sworn and notarized. In addition, with respect to the speedy-trial claim, the court found all the underlying charges were simple misdemeanors, which are nonindictable offenses, and thus, the speedy-trial guarantees contained in Iowa law were inapplicable to Scheckel.[2] *See* Iowa R. Crim. P. 2.33(2) (noting the speedy trial deadlines are calculated based on the date of indictment); *State v. Kaster*, 469 N.W.2d 671, 672 (Iowa 1991) ("[A]

---

[1] The traffic offenses included the following citations on September 7, 2012: unlawful use of a license, failure to have insurance, driving while license suspended, and operating without registration; and the following citations on October 25, 2012: failure to have insurance, driving while license suspended, operating without registration, and failure to maintain a registration plate. These cases were consolidated for a jury trial, and the jury convicted Scheckel on all counts on March 21, 2013.

[2] Scheckel asserts his speedy-trial rights were violated under the Federal Constitution, but he cites no authority to support his assertion that the trial delay he experienced would in fact violate the speedy-trial requirement under the Sixth Amendment. We therefore consider the claim waived. *See* Iowa R. App. P. 6.903(2)(g)(3). However, even if we were to consider the merits of such a challenge under the Federal Constitution, we conclude Scheckel's speedy-trial rights were not violated. *See Barker v. Wingo*, 407 U.S. 514, 529–30 (1972) (rejecting the imposition of a fixed-time period test for determining if there is a speedy-trial violation in favor of a balancing test that weighs the conduct of both the prosecution and the defendant). Scheckel was brought to trial in less than seven months from the issuance of the first citations, and part of the delay was attributable to Scheckel's interlocutory appeal.

person charged with a nonindictable crime does not have the speedy trial rights accorded to those charged with indictable offenses."). The court also concluded Scheckel waived his speedy-trial claim by not asserting he was entitled to a speedy trial until after the trial had been concluded. *See State v. Myers*, 215 N.W.2d 262, 264 (Iowa 1974) ("[U]nless a defendant is neither admitted to bail nor represented by counsel he may waive his right to speedy trial by delaying his dismissal motion until after the jury's verdict.").

Upon our review of the record and the district court's decision, we affirm by memorandum opinion the district court's dismissal of the postconviction-relief proceedings pursuant to Iowa Court Rule 21.26(1)(c) and (d).

**AFFIRMED.**