# IN THE COURT OF APPEALS OF IOWA

No. 19-1538
Filed September 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRELL SALLAY,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


A defendant appeals his conviction for domestic abuse assault causing bodily injury, third or subsequent offense. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Terrell Sallay appeals his conviction for domestic abuse assault causing bodily injury, third or subsequent offense. We find there is substantial evidence in the record to support Sallay's conviction. We also find, contrary to his argument, he was not improperly subjected to ex post facto punishment requiring him to serve a more severe sentence than was available at the time the offense was committed. We affirm Sallay's conviction and sentence.

## I.     Background Facts & Proceedings

On April 28, 2017, Sallay came home in the earlier morning hours, at about 3:00 or 4:00 a.m., from his job at the New World Bar and Grill in Waterloo. Sallay was intoxicated and began yelling at his wife, T.S.[1] They got into an argument, and Sallay threw a laundry basket in the bedroom, breaking a television. T.S. testified Sallay may have dragged her from the bedroom but she did not have a clear memory of it. She stated she had a rug burn on her arm, which caused her pain. In the living room, Sallay threw a glass container with a candle at a wall, spraying wax on the wall and the carpet. T.S. and Sallay disagreed about whether T.S. was standing near where the candle hit the wall.

In an attempt get away from Sallay, T.S. went to the front door. She testified Sallay began punching her and struck her in the face. She stated she ducked down in an attempt to avoid the blows. T.S. testified that she had a black eye and pain in her face from Sallay striking her.

---

[1] Sallay and T.S. had been married for ten days at the time of the assault.

T.S. told Sallay she needed to go to a nearby Hy-Vee Grocery Store to buy cigarettes. Ranae Wason opened the store at 5:00 a.m. She noticed T.S. walking in the store and saw she was upset. T.S. told Wason she had pain in her arm. T.S. called 911 at 5:13 a.m. Officers met her at Hy-Vee. T.S. stated Sallay struck her. Officers observed an abrasion or rug burn on her left arm, and T.S. informed law enforcement she had pain in her left arm and face.

T.S. gave officers permission to enter her home. They found Sallay, who was intoxicated. Sallay had bleeding scratches on his left hand, and there was blood on the front door slightly below the height of the doorknob. Sallay stated he struck the front door. He also admitted arguing with T.S. and throwing the candle. He, however, denied hitting T.S.

Sallay was charged with domestic abuse assault causing bodily injury, third or subsequent offense, in violation of Iowa Code section 708.2A(4) (2017), a class "D" felony. The jury found him guilty. Sallay admitted to two previous convictions for domestic abuse assault. He was sentenced to a term of imprisonment not to exceed five years, with a one-year mandatory minimum. Sallay appeals his conviction.

## II.    Sufficiency of the Evidence

Sallay claims the State presented insufficient evidence to show he committed domestic abuse assault causing bodily injury. He asserts there is not substantial evidence to show T.S. suffered a bodily injury.

On sufficiency-of-the-evidence claims, our review is for the correction of errors of law. *State v. Folkers*, 941 N.W.2d 337, 338 (Iowa 2020). "The district court's findings of guilt are binding on appeal if supported by substantial evidence.

Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citations omitted).

For the offense of domestic abuse assault causing bodily injury, the State was required to show Sallay (1) committed "an act which was meant to cause pain or injury, result in physical contact which was insulting or offensive, or place [the victim] in fear of immediate physical contact which would have been painful, injurious, insulting or offensive to [the victim]"; (2) "had the apparent ability to do the act"; (3) caused a bodily injury; and (4) was in a domestic relationship with the victim. *See State v. Kuhse*, 937 N.W.2d 622, 625–26 (Iowa 2020). Sallay concedes that he and T.S. were in a domestic relationship. *See* Iowa Code § 708.2A(1) (citing Iowa Code § 236.2(2)).

T.S. testified Sallay struck her in the head, causing a black eye. Her testimony is supported by evidence she told Officer Patrick Bush that she had pain in her face. The State also presented photographic evidence to show Sallay had a black eye. Sallay's intent is shown by evidence the couple was arguing and Sallay threw a laundry basket, threw a candle, and punched the front door during the argument. From the evidence, the jury could find Sallay committed "an act which was meant to cause pain or injury, [or] result in physical contact which was insulting or offensive." *See Kuhse*, 622 N.W.2d at 625. The "determination of the credibility of the witnesses and the weight of the evidence is the function of the factfinder." *State v. Robinson*, 288 N.W.2d 337, 341 (Iowa 1980). Furthermore, Sallay's apparent ability to strike T.S. is shown by the evidence he struck her.

"Bodily injury" as used in chapter 708 means "physical pain, illness, or any impairment of physical condition." *State v. Taylor*, 689 N.W.2d 116, 135 (Iowa

2004) (citation omitted). An assault causing physical pain is sufficient to meet the definition of bodily injury. *Id.* at 136. T.S. testified she had pain in her eye from being punched and got a black eye. She had injuries on her left arm, which were variously described as scrapes, rug burns, or abrasions. Wason testified T.S. stated she had pain in her arm. Officer Bush testified T.S. stated she had pain in her face and left arm. The jury could conclude the evidence of a black eye, abrasions, and pain was sufficient to show T.S. suffered a bodily injury. It is for the jury as the factfinder "to resolve questions of fact and credibility of witnesses." *State v. Menke*, 227 N.W.2d 184, 189 (Iowa 1975).

We find there is substantial evidence in the record to support Sallay's conviction for domestic abuse assault causing bodily injury.

### III. Sentencing

Sallay contends he was improperly sentenced to a one-year mandatory minimum sentence. The offense in this case occurred in April 2017. Sallay claims the district court improperly applied section 902.13(1), which went into effect on July 1, 2017, to impose the one-year mandatory minimum sentence.[2] *See* 2017

---

[2] Section 902.13 provides:

> 1. A person who has been convicted of a third or subsequent offense of domestic abuse assault under section 708.2A, subsection 4, shall be denied parole or work release until the person has served between one-fifth of the maximum term and the maximum term of the person's sentence as provided in subsection 2.
> 2. The sentencing court shall determine, after receiving and examining all pertinent information referred to in section 901.5, the minimum term of confinement, within the parameters set forth in subsection 1, required to be served before a person may be paroled or placed on work release.

Iowa Acts ch. 83, § 5.  Sallay asserts the one-year mandatory minimum violates the Ex Post Facto Clause.  *See* U.S. Const. art. I, § 10; Iowa Const. art. I, § 21.

The Federal and State Ex Post Facto Clauses "forbid enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of punishment provided for the crime when it was committed."  *State v. Aschbrenner*, 926 N.W.2d 240, 247 (Iowa 2019).  On this constitutional issue, our review is de novo.  *Id.* at 245–46.

At the sentencing hearing, the State recommended a five-year prison sentence with a one-year mandatory minimum.  The district court ordered Sallay to serve a one-year mandatory minimum, stating it was "mandatory."  Neither the prosecutor nor the court stated the statutory basis for the mandatory minimum sentence at the sentencing hearing.

The State contends Sallay was subject to a one-year mandatory minimum sentence before the legislature enacted section 902.13.  Sallay was convicted under section 708.2A(4), which is a class "D" felony.  At the time Sally committed the offense, section 708.2A(7)(b) provided, "A person convicted of violating subsection 4 shall be sentenced as provided under section 902.9, subsection 1, paragraph 'e'*,* and shall be denied parole or work release until the person has served a minimum of one year of the person's sentence."[3]

We find that under the statutory framework existing in 2017, Sallay was required to serve a one-year mandatory minimum.  He was not improperly

---

[3]  Section 902.9(1)(e) provided that a person convicted of a class "D" felony "shall be confined for no more than five years, and in addition shall be sentenced to a fine of at least seven hundred fifty dollars but not more than seven thousand five hundred dollars.

subjected to ex post facto punishment requiring him to serve a more severe sentence than was available at the time the offense was committed. *See Aschbrenner*, 926 N.W.2d at 247.

We affirm Sallay's conviction and sentence.

**AFFIRMED.**